Robert P. Goe - State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210, Building D
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Defendant Darlene Collins

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | Adv. Case No. 8:25-ap-01039-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; REQUEST FOR JUDICIAL NOTICE** |
| Plaintiff, | Hearing: |
| vs. | Date:        August 21, 2025 |
| DARLENE COLLINS, an individual and DOES 1 through 20, inclusive, | Time:        1:30 p.m. Courtroom:   5C United States Bankruptcy Court |
| Defendant. | 411 West Fourth Street Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that on August 21, 2025, at 1:30 p.m. in Courtroom 5C of the above captioned United States Bankruptcy Court, Defendant, Darlene Collins ("Defendant"), will move and hereby does move to dismiss Plaintiff's (first) amended complaint ("Motion") pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, as made applicable by Federal Rule of Bankruptcy Procedure 7012. The grounds for the Motion are that Plaintiff has failed to name an indispensable party, Affirma, LLC, in violation of Federal Rule of Civil Procedure 19.

This Motion is supported by this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Request for Judicial Notice ("RJN") and upon any such further argument and evidence as the Court may consider at the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(f), response to the Motion must be made in writing, in the form required by Local Bankruptcy Rule 9013-1(f), within fourteen (14) days of hearing set forth in the Notice, and be filed with the Clerk of the United States Bankruptcy Court and served upon the United States Trustee and any trustee appointed in this case, as well as counsel for Debtor.

**PLEASE TAKE FURTHER NOTICE** that failure to file and serve a timely response to the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion. If you do not have any objection to the Motion, you need not take further action.

Dated: May 5, 2025

Respectfully submitted by

**GOE FORSYTHE & HODGES LLP**

By: _____
    Robert P. Goe
    Charity J. Manee
    Attorneys for Defendant Darlene Collins

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

By this Motion, Plaintiff seeks an order dismissing chapter 11 liquidating trustee Richard

4

A. Marshack's ("Plaintiff) *Amended Complaint for (1) Avoidance, Recovery, And Preservation Of*

5

*Preferential Transfers [11 U.S.C. §§ 547, 550, and 551]; (2) Avoidance, Recovery, and*

6

*Preservation Of Actual Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ.*

7

*Code §§ 3439.04(a)(1) and 3439.07] (3) Avoidance, Recovery, and Preservation Of Constructive*

8

*Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; Cal. Civ. Code §§*

9

*3439.04(a)(2), 3439.05, and 3439.07] (4) Avoidance, Recovery, And Preservation Of*

10

*Unauthorized Post-Petition Transfers [11 U.S.C. §§ 549, 550, AND 551]; (5) Disallowance Of*

11

*Claims Held By Defendants [11 U.S.C. § 502(d)]* (the "Complaint") [Docket No. 7]. Unless

12

otherwise defined herein, capitalized terms have the same meaning as they do in the Complaint.

13

The Complaint must be dismissed because Plaintiff failed to join Affirma, LLC, which is a

14

necessary and indispensable party based on Rules 12(b)(7) and 19 of the Federal Rules of Civil

15

Procedure, based on the following.

16

## II.    FACTUAL BACKGROUND

17

On March 1, 2025, the Plaintiff filed his initial complaint against Defendant (and,

18

purportedly, ten additional "DOE" defendants), the gravamen of which sought to avoid as

19

fraudulent transfers, a series of payments made to Defendant. On March 17, 2025, the Plaintiff

20

filed a separate complaint ("Affirma Complaint") against Affirma, LLC ("Affirma") seeking to

21

avoid obligations allegedly owed by the Debtor to Affirma. The Affirma Complaint is attached to

22

the RJN as **Exhibit "1"**. Among other things, the Affirma Complaint alleges the following facts:

23

43. On June 28, 2023, Affirma filed Proof of Claim No. 91 in the original amount of
$66,855,310.45 (as amended the "Affirma Claim").

24

25

44. The basis for the Affirma Claim was the post-bankruptcy assignment of numerous
promissory notes between the Debtor and various third parties ("Affirma Notes").

26

45. Upon information and belief, Affirma is currently the owner and holder of the Affirma
Notes identified in the Affirma Claim.

27

\\\

28

GOE FORSYTHE &
HODGES LLP
17701 Cowan, Suite 210
Irvine, CA 92614

46. Upon further information and belief, the original lender identified in the respective Affirma Notes have no interest in the Affirma Notes save for a contractual promise of Affirma to make a pro-rata distribution of any amounts paid on the Claim.

47. Upon information and belief, the Affirma Notes were created when Spot On Consulting, Inc. ("Spot On") solicited loans for the Debtor from third party investors holding itself out as "administrative liaison" or "servicing company" working on behalf of both Debtor and the individual investors.

Affirma Complaint, page 10.

While referenced and described in the Affirma Complaint, Affirma's Proof of Claim No. 91 ("Affirma Claim") was not attached to the Affirma Complaint. The Affirma Claim is attached to the RJN as **Exhibit "2"**. Among the attachments appended to the Affirma Claim is a single page that is blank other than the following text (emphasis added) which is intended to explain the nature of the Affirma Claim and the additional document appended to it,

Attached herein is a schedule showing each claimant Affirma, LLC is asserting claims **on behalf of** and their amounts, inclusive of the date the obligation was entered into, the principal, and the accrued interest. Each and every claim listed in the attached schedule is assigned to Affirma, LLC. This claim is filed both **on behalf of both Affirma, LLC and each individual claimant listed**. Affirma, LLC has authority to distribute the funds pro rata to all claimants equally.

See Affirma Claim, Page 4 of 20 (emphasis added).

The Affirma Claim is further supported by a schedule of lenders spanning fifteen (15) pages ("Lender Schedule"). For each loan/lender on the Lender Schedule, the final column with the heading "Signed NOA" (presumably, describing written assignments) indicates a "Yes," although not a single assignment to is attached to the Affirma Claim or Affirma Complaint. Among those listed on the Lender Schedule is the Defendant, on page 8 of 20. Additionally, Spot On is listed on the Lenders Schedule as having made multiple sizeable loans to the Debtor. *See* page 17 of 20 of the Affirma Claim.

On March 19, 2025, Plaintiff exercised his right to amend his initial complaint, filing the Complaint, which alleges the same claims and essentially the same set of facts as the original complaint, but added additional alleged transfers.

Plaintiff alleges in the Complaint the Defendant made payments to Defendant on account of loans made through the unlicensed broker, Spot On, as well as the following,

GOE FORSYTHE &
HODGES LLP
17701 Cowan, Suite 210
Irvine, CA 92614

- 4 -

41. Plaintiff alleges that Defendant executed one or more Spot On Notes with the Debtor in 2022 and/or 2023.

42. The payments made to Defendant, known to Trustee, based on the Spot On Notes ("Spot On Transfers") are set forth on **Exhibit "1."**

43. After the Debtor filed for bankruptcy, Defendant, and many other holders of the Spot On Notes, assigned and transferred their Spot On Notes to Affirma, LLC ("Affirma"). On June 28, 2023, Affirma filed Proof of Claim No. 91 in the original amount of $66,855,310.45 (as amended the"Affirma Claim").

44. The Trustee has filed a separate adversary against Affirma that seeks to avoid the Debtor's execution of the Spot On Notes as a fraudulent or voidable conveyance under applicable law. This action only seeks to recover the payments made to Defendant prior to the assignment of the Spot On Notes to Affirma. Accordingly, the Court's ruling on the claims asserted against Affirma in its adversary **will impact** what claims and defenses may be asserted in this action.

Complaint, page 9 lines 5-20 (emphasis added). Paragraph 32 of the Complaint defines the term "Spot On," as follows, "The Debtor and the third-party lender executed a loan agreement (generally "Spot On Notes") that Spot On joined as an "administrative liaison/servicing company." Complaint at 7:22-24.

To summarize the foregoing, the Plaintiff has filed serial actions by separate complaints, both of which raise the issue of whether the Defendant held an enforceable, unavoidable obligation on account of which she received payment. The Affirma Complaint is based on the unfounded allegation that Affirma is an assignee, post-petition, of a claim Defendant held against the Debtor, even though the Affirma POC states it is filed "on  behalf of" the Defendant and others listed in its support appended to the Complaint and even though there is no evidence of any assignment to Affirma from any lender. The foregoing further demonstrates the Plaintiff *knows* the Affirma Complaint "will" dictate the claims and defenses that may be asserted in this action and therefore, Plaintiff is apparently violating Rule 19 on purpose, to gain a litigation advantage.

### III.    LEGAL STANDARD

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). "It is well settled that courts may look to extrinsic evidence on motions for failure to join." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011). When moving to dismiss under Rule 12(b)(7), the moving party

1  bears the burden of producing evidence in support of the motion. *Coach, Inc. v. Celco Customs*

2  *Servs. Co.*, No. CV 11-10787 MMM (FMOx), 2013 WL 12122691, at *12 (C.D. Cal. Jan. 28,

3  2013).

4      A Rule 12(b)(7) motion to dismiss must be granted where the plaintiff fails to join a

5  necessary party with more than simply a monetary stake in the outcome of the matter and where

6  joining the party is not infeasible. A party is considered necessary when: (1) complete relief

7  cannot be granted in the party's absence; or (2) the district court determines that the absent party's

8  participation is necessary to protect its legally cognizable interests or to protect other parties from

9  a substantial risk of incurring multiple or inconsistent obligations because of those interests. *See*

10 *Camacho v. Major League Baseball*, 297 F.R.D. 457, 461 (S.D. Cal. 2013). "Such a legally

11 cognizable interest must be more than a financial stake in the outcome of the litigation." *Id.*

12      Rule 19 "provides a three-step process for determining whether the court should dismiss an

13 action for failure to join a purportedly indispensable party." *United States v. Bowen*, 172 F.3d 682,

14 688 (9th Cir. 1999). First, the Court must determine whether the third party is one traditionally

15 denominated as "necessary." *See id.*; Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro.*

16 *Before Trial* 7:55 (The Rutter Group 2015) (noting that while Rule 19 no longer uses the terms

17 "necessary" or "indispensable," courts continue to use those labels as terms of art in the Rule 19

18 analysis); *Cachil Dehe Band of Wintun Indians v. Cal.*, 547 F.3d 962, 969 n.6 (9th Cir. 2008)

19 (noting same). Then,

> 20 If the absent party is "necessary," the court must determine whether joinder is
>    "feasible." See Fed. R. Civ. P. 19(a) & (b). Finally, if joinder is not "feasible," the court
> 21 must decide whether the absent party is "indispensable," *i.e.,* whether in "equity and good
>    conscience," the action can continue without the party. See Fed. R. Civ. P. 19(b) (listing
> 22 factors for courts to consider).

23 *United States v. Bowen*, 172 F.3d 682, 688 (1999).

24      Indispensable parties under Rule 19(b) are persons who not only have an interest in the

25 controversy, but an interest of such a nature that a final decree cannot be made without either

26 affecting that interest, or leaving the controversy in such a condition that its final termination may

27 be wholly inconsistent with equity and good conscience. *EEOC v. Peabody W. Coal Co.*, 400 F.3d

28 774, 779-80 (9th Cir. 2005) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).

GOE FORSYTHE &
HODGES LLP
17701 Cowan, Suite 210
Irvine, CA 92614

**A.  The Complaint Should Be Dismissed for Failure to Name Affirma, an Indispensable Party to the Action.**

Here, the Plaintiff is seeking to set aside the contractual agreement he alleges obligated the Debtor to make payments to Defendant that Plaintiff is also separately, by the Complaint, seeking to set aside. Rather than challenging the underlying obligation in favor of Defendant, Plaintiff sued a different defendant which claims without documentation to be an assignee of Defendant, in a second and subsequent suit through the Affirma Complaint. Plaintiff admits and alleges in the Complaint that a judgment on his Affirma Complaint will dictate, to a certain degree, the outcome of this case against Defendant. Under these facts, Affirma is unquestionably one traditionally denominated as necessary and in fact indispensable. Indeed, the Ninth Circuit has stated,

> We have repeatedly held that "[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975); *see also Dawavendewa II*, 276 F.3d at 1156.

*EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010).

Because Affirma is (and was from the outset) a party indispensable to this case, the Complaint must be dismissed unless joinder is accomplished in a manner that rectifies the violation of equity and good conscience being perpetrated by the Plaintiff's strategy to separately sue Defendant and Affirma in a manner that risks great prejudice to Defendant.

**IV.  CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint or fashion relief that avoids the prejudice which Rule 19 is intended to guard against.

Dated: May 5, 2025                    Respectfully submitted by

**GOE FORSYTHE & HODGES LLP**


By: /s/Robert P. Goe
        Robert P. Goe
        Charity J. Manee
        Attorneys for Defendant Darlene Collins

GOE FORSYTHE &
HODGES LLP
17701 Cowan, Suite 210
Irvine, CA 92614

# REQUEST FOR JUDICIAL NOTICE

Darlene Collins, by and through her counsel of record, in support of her Motion to Dismiss Amended Complaint (the "Motion") to which this request is attached, requests pursuant to Rule 201 of the Federal Rules of Evidence that the Court take judicial notice of the following documents. Judicial notice of these documents is proper as the Court may take judicial notice of court records and their contents. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Defined terms used herein have the same meaning as set forth in the Motion.

1. Attached hereto and incorporated herein as **Exhibit "1"** is the Plaintiff's complaint filed against Affirma, LLC.

2. Attached hereto and incorporated herein as **Exhibit "2"** is the Proof of Claim filed by Affirma, LLC in Debtor's bankruptcy case.

Dated: May 5, 2025

Respectfully submitted by

**GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
    Robert P. Goe
    Charity J. Manee
    Attorneys for Defendant Darlene Collins

# EXHIBIT 1

# EXHIBIT 1

Christopher Celentino (131688)
Yosina M. Lissebeck (State Bar No. 201654)
Christopher B. Ghio (State Bar No. 259094)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com
christopher.ghio@dinsmore.com

Tyler Powell (Ky. Bar No. 90520 – Admitted pro hac vice)
**DINSMORE & SHOHL, LLP**
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: 859-425-1056
Facsimile: 859-425-1099
tyler.powell@dinsmore.com

Special Counsel to Richard A. Marshack,
Trustee of the LPG Liquidation Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

The Litigation Practice Group P.C.,

Debtor.

Richard A. Marshack, Trustee of the LPG
Liquidation Trust,

Plaintiff,

v.

Affirma LLC, a California limited liability
company

Defendant.

Chapter 11

Case No. 8:23-bk-10571-SC
Adv No. 8:25-ap-_____-SC

**COMPLAINT FOR:**

**(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF TRANSFERS MADE WITH INTENT TO DEFRAUD PURSUANT TO 11 U.S.C. §§ 548(A)(1)(B), 550, AND 551;**

**(2) AVOIDANCE, PRESERVATION, AND RECOVERY OF CONSTRUCTIVELY FRAUDULENT TWO-YEAR TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(A)(1)(B), 550 & 551;**

**(3) AVOIDANCE, PRESERVATION, AND RECOVERY OF TRANSFERS WITHIN FOUR YEARS PURSUANT TO 11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.04(A)(2), 3439.05 AND 3439.07;**

1

| 1 | | **(4) AVOIDANCE, RECOVERY, AND PRESERVATION OF TRANSFERS MADE WITHIN FOUR YEARS PURSUANT TO 11 U.S.C. §§ 544(B), 550, AND 551; CAL. CIV. CODE §§ 3439.05, AND 3439.07; AND** |
| 2 | | |
| 3 | | |
| 4 | | **(5) OBJECTION TO PROOF OF CLAIM** |
| 5 | | Dept 5C |
| 6 | | Honorable Scott C. Clarkson |
| 7 | | |

For his *Complaint for (1) Avoidance, Recovery, and Preservation of Transfers Made With Intent to Defraud Pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550, and 551; (2) Avoidance, Preservation, and Recovery of Constructively Fraudulent Two-Year Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550 & 551; (3) Avoidance, Preservation, and Recovery of Transfers Within Four Years Pursuant to 11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07; (4) Avoidance, Recovery, and Preservation of Transfers Made Within Four Years Pursuant to 11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.05, and 3439.07 and (5) Objection to Proof of Claim,* Plaintiff Richard A. Marshack, the Trustee of the LPG Liquidation Trust (the "Trustee" or "Plaintiff") in the above-captioned bankruptcy case (the "Bankruptcy Case"), alleges and avers as follows:

### STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O), 1334(b), and General Order No. 13-05 of the District Court for the Central District of California because this is a core proceeding arising in and/or related to the Bankruptcy Case, which is a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court").

2.  Regardless of whether this proceeding is core, non-core, or otherwise, the Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

3.  Defendant is hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires it to plead whether consent is given to the entry of a final order and judgment by

2

1    the bankruptcy court.

2        4.    Venue of this adversary proceeding properly lies in this judicial district pursuant to 28

3    U.S.C. § 1409(a) because this proceeding is related to the Debtor's pending Bankruptcy Case.

4                                **THE PARTIES**

5        5.    Plaintiff, Richard A. Marshack, was the duly-appointed, qualified Chapter 11 Trustee

6    of Debtor's Estate and is now the current liquidating trustee of the LPG Liquidation Trust.

7        6.    Debtor LPG is, and at all material times was, a professional corporation organized,

8    existing, and in good standing under the laws of the State of California, with its principal place of

9    business in Tustin, California.

10       7.    Defendant Affirma, LLC is, and at all material times represented that it was, a

11   California limited liability company ("Affirma").

12       8.    Defendant Affirma may be served by first class mail postage prepaid upon Cesear

13   Mercado, its managing member, PO Box 515827, Los Angeles, CA 90051.

14                            **GENERAL ALLEGATIONS**

15   **A.    The Bankruptcy Case**

16       9.    On March 20, 2023 ("Petition Date"), Debtor filed a voluntary petition for relief under

17   Chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

18       10.   The Office of the United States Trustee ("UST") filed its *Motion by United States*

19   *Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Bankr. Docket No. 21] and

20   creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the

21   *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349,*

22   *& 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Bankr. Docket

23   No. 44]. On May 4, 2023, the Court entered its *Order Directing United States Trustee to Appoint*

24   *Chapter 11 Trustee* [Bankr. Docket No. 58].

25       11.   Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Bankr. Docket No.

26   63], on May 8, 2023, Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy

27   Case. The Court approved the Trustee's appointment in its *Order Approving the U.S. Trustee's*

28   *Application for the Appointment of a Chapter 11 Trustee* [Docket No. 65].

12. Trustee was not appointed until after events of the case and, therefore, bases these allegations on information and belief. *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible."); *Miller v. City of Los Angeles*, 2014 U.S. Dist. LEXIS 198871, 2014 WL 12610195, at *5 (C.D. Cal. Aug. 7, 2014) (recognizing that the plaintiff's "information and belief" pleading was allowed and "necessary at times"); *see also Mireskandari v. Daily Mail and General Trust PLC*, 2013 U.S. Dist. LEXIS 194437, 2013 WL 12129642, at *4 (C.D. Cal. July 31, 2013) ("The Federal Rules of Civil Procedure allow parties to plead facts on 'information and belief' if the facts 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" (citations omitted)).

13. Pursuant to the *Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation* entered September 9, 2024, and the *Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation* filed September 24, 2024, Richard A. Marshack became the Liquidating Trustee of the LPG Liquidation Trust, effective September 24, 2024. [Bankr. Docket Nos. 1646 & 1762].

14. All claims have been transferred to the Liquidating Trust pursuant to the confirmed plan and Plaintiff brings this action solely in his capacity as the Liquidating Trustee of the LPG Liquidation Trust, for the benefit of Debtor's Estate and its creditors.

**B.    Protective Order**

15. On or about May 2, 2024, Plaintiff filed that certain Notice and Motion for Entry of Protective Order (the "Protective Order").

16. On June 3, 2024, the Court entered its *Order Granting Motion for Entry of Protective Order and the Protective Order* [Bankr. Docket No. 1270] (the "Protective Order"). A true and accurate copy of the Protective Order is attached as **Exhibit 1**, and incorporated herein.

17. By its own terms, the Protective Order applies to this adversary proceeding and governs all discovery conducted herein.

## C.     LPG's Ownership and Management

18.     Prior to the Petition Date, LPG operated a law firm for consumers across the country who sought assistance in contesting or resolving debts they would identify. At all relevant times, LPG was controlled and operated by the individual named Tony Diab ("Diab").

19.     The consumers would pay LPG over a period of time via monthly debits from their bank accounts.

20.     The monthly payments were meant to cover all legal services LPG provided to the consumers including validation of the debts, review of documents to determine enforceability, and court appearances to halt lawsuits to obtain judgments.

21.     In certain instances, LPG would file a lawsuit in an effort to eliminate a disputed debt or to prosecute affirmative claims held by the consumers.

22.     LPG mismanaged the consumers' monthly payments.

23.     Diab and other defendants devised a plan to fraudulently transfer funds, client files, client funds and assets in the form of ACH Receivables (the "ACH Receivables" or "Accounts Receivable") out of LPG to third parties prior to the filing of bankruptcy.

24.     To obtain consumer clients, LPG contracted with marketing companies, who engaged in illegal capping and would advertise or call to solicit consumers to become clients of LPG in exchange for a percentage of the ACH Receivables collected by LPG from the consumers. The marketing affiliate went so far as to assist with the execution of an engagement letter between the consumer and LPG.

25.     In exchange, LPG agreed to pay the marketing affiliates a percentage the monthly payments collected by LPG from the consumers.

26.     Because LPG received payments from consumers over time, it often sought financing by borrowing against its future cash flows. This borrowing was not only used to finance operations at LPG, but also to pay the fees owed to the marketing companies for providing the client referrals.

27.     Many of the documents executed in connection with such financing described the transactions as accounts receivable purchase agreements.

28.     Diab used entities he controlled including, without limitation, Vulcan Consulting,

LLC ("Vulcan") and B.A.T., Inc. dba Coast Processing ("Coast") to process payments from LPG consumer clients and to divert LPG consumer funds and ACH Receivables. Diab would use numerous ACH processing companies in order to easily transfer millions of dollars from Debtor to these entities he controlled, without oversight or detection, and to avoid payment disputes and complications. The money that flowed from Debtor through these bank account to Defendants consisted of Client Funds that Debtor funneled to these entities by means of the ACH processing companies. Debtor also made deposits into these entities bank account such that they received Client Funds directly from Debtor in addition to direct Accounts Receivables.

**D.    Ponzi Scheme Presumption**

29.    The Ponzi Scheme Presumption exists in bankruptcy proceedings.

30.    The Ponzi Scheme Presumption can be utilized to establish a debtor's "intent to defraud future undertakers [investors] from the mere fact that a debtor was running a Ponzi scheme. Indeed, no other reasonable inference is possible. A Ponzi scheme cannot work forever. The investor pool is a limited resource and will eventually run dry. The perpetrator must know that the scheme will eventually collapse as a result of the inability to attract new investors. The perpetrator nevertheless makes payments to present investors, which, by definition, are meant to attract new investors. He must know all along, from the very nature of his activities, that investors at the end of the line will lose their money. Knowledge to a substantial certainty constitutes intent in the eyes of the law," *cf. Restatement (Second) of Torts § 8A* (1963 & 1964), and a debtor's knowledge that future investors will not be paid is sufficient to establish his actual intent to defraud them. *Kirkland v. Rund (In re EPD Inv. Co., LLC)*, 114 F.4th 1148, 1153 (9th Cir. 2024) (by definition Ponzi scheme is destined to fail and the swindler and their entities often end in bankruptcy or equitable receivership); *Cf. Coleman Am. Moving Servs., Inc. v. First Nat'l Bank & Trust Co. (In re American Properties, Inc.)* 14 B.R. 637, 643 (Bankr. D. Kan. 1981) (intentionally carrying out a transaction with full knowledge that its effect will be detrimental to creditors is sufficient for actual intent to hinder, delay or defraud within the meaning of § 548(a)(1))." *Merrill v. Abbott (In re Independent Clearing House Co.)* (D. Utah 1987) 77 B.R. 843, 860. A trustee in bankruptcy is not required to show that an operator of a Ponzi scheme was subjectively aware his Ponzi scheme was destined to fail. *In re EPD Inv. Co.,*

*LLC*, 114 F.4th at 1153 ("[a] trustee's action to recover assets fraudulently conveyed in the course of a Ponzi scheme does not require that the trustee also prove the Ponzi-scheme operator was subjectively aware his Ponzi scheme was destined to fail.").

31.    "But if all the debtor receives in return for a transfer is the use of the defendant's money to run a Ponzi scheme, there is nothing in the bankruptcy estate for creditors to share. In fact, by helping the debtor perpetuate his scheme, the transfers exacerbate the harm to creditors by increasing the amount of claims while diminishing the debtor's estate. In such a situation, the use of the defendant's money cannot objectively be called 'reasonably equivalent value.'" *In re Independent Clearing House Co.* 77 B.R. at 859. Therefore, "[t]he trustee can avoid the transfers if they were preferential or fraudulent. Transfers to investors in a Ponzi scheme are preferential and fraudulent. Therefore, they constitute "property of the estate," and the trustee can recover them. *Id.* at 853 n.17 (citations omitted).

32.    Debtor was operating a Ponzi scheme that utilized affiliates and several other entities as investors/lenders to continue its unlawful business practices by using funds provided by current investors to attract new investors hoping for very high returns. Therefore, the Debtor was running a Ponzi scheme and the Ponzi Scheme Presumption can be utilized to infer that the Debtor had the intent to defraud investors within the meaning of 11 U.S.C. section 548(a)(1). This is evidenced by the Court in this Bankruptcy Case declaring that Debtor was operating a Ponzi scheme when it stated the following:

> It is important to note that this Court has never received any significant and trustworthy evidence that Debtor accomplished meaningful results for its clients, but only anecdotal examples of viable success for its clients. By reviewing the Estate's claims register, there is evidence of consumer claims for the fraud and demanded but undelivered refunds of approximately $500 million. There is ample evidence that the pre-petition Debtor never placed the collected funds into an attorney-client trust account, and that Debtor or its principals simply looted the payments received through the client automatic withdrawals, stiffing both the clients and outside attorneys who may have been working on client cases with the hopes of being paid. There is also evidence before the Court that Debtor was running a Ponzi scheme and paying some outside (or "network") attorneys with funds obtained from new clients. In this case, it appears that some of the "lenders" may have been serving as "investors," hoping for very high returns before "the music stopped."

7

The Ninth Circuit has recently explained, "[b]y definition, a Ponzi scheme is destined to fail because the pool of available investors is not limitless. When the Ponzi scheme operator's pool of investors inevitably runs dry, the scheme collapses and the swindler and their entities often end up in bankruptcy or equitable receivership. *See generally* David R. Hague, Expanding the Ponzi Scheme Presumption, 64 DePaul L. Rev. 867 (2015). In bankruptcy, the court-appointed trustee is tasked with taking immediate control of the entity, ceasing ongoing fraudulent activity, locating and collecting assets for the bankruptcy or receivership estate, and achieving a final, equitable distribution of the remaining assets. *See* 11 U.S.C. § 704; *Kirkland v. Rund (In re EPD Inv. Co., LLC)*, 2024 U.S. App. LEXIS 21363, at *15 (9th Cir. Aug. 23, 2024). Finally, there is evidence that Debtor was encumbering (or as some creditors assert, "double or triple selling") their accounts or receivables to multiple lenders. With respect to Greyson's requested Administrative Claim [Dk. 676], and as more fully described in the concurrently entered order denying the claim, there has been no evidence presented that any work allegedly performed by Greyson assisted any clients or added any value to the Estate.

*See, Case 8:23-bk-10571-SC*, Doc 1545 n. 5.

33.     The Ponzi Scheme Presumption establishes a debtor's "intent to defraud future undertakers [investors] from the mere fact that a debtor was running a Ponzi scheme." *Merrill v. Abbott (In re Independent Clearing House Co.)*, 77 B.R. 843, 860 (D. Utah 1987). "Knowledge to a substantial certainty constitutes intent in the eyes of the law, *cf. Restatement (Second) of Torts* § 8A (1963 & 1964), and a debtor's knowledge that future investors will not be paid is sufficient to establish his actual intent to defraud them." *Id*. A trustee in bankruptcy is not required to show that an operator of a Ponzi scheme was subjectively aware his Ponzi scheme was destined to fail. *In re EPD Inv. Co., LLC*, 114 F.4th at 1153 (9th Cir. 2024).

34.     "[I]f all the debtor receives in return for a transfer is the use of the defendant's money to run a Ponzi scheme, there is nothing in the bankruptcy estate for creditors to share." *In re Independent Clearing House Co.* 77 B.R. at 859. In such a situation, the use of the defendant's money cannot objectively be called "reasonably equivalent value." *Id*. Therefore, "[t]he trustee can avoid the transfers if they were preferential or fraudulent. Transfers to investors in a Ponzi scheme are preferential and fraudulent. Therefore, they constitute 'property of the estate,' and the trustee can recover them." *Id*. at 853 n.17 (citations omitted).

35.     Based on the Ponzi Scheme presumption the Court can infer that the Debtor had the intent to defraud investors within the meaning of 11 U.S.C. § 548(a)(1). Since the transactions with the Defendant were made with the intent to further the Ponzi scheme, the Debtor did not receive an objectively reasonable equivalent value for such transfers, and the Trustee can avoid any such transactions because they were actually fraudulent as to the Debtor's creditors.

**E.      Prepetition Litigation and Creditors**

36.     Debtor's Schedule E/F, filed on April 4, 2023, as Dk. No. 33, lists: (a) 11 unsecured creditors with priority unsecured claims totaling $374,060.04; and (b) 58 nonpriority unsecured creditors with scheduled claims totaling $141,439,158.05.

37.     The claims register in this Bankruptcy Case includes 2,554 proofs of claim, totaling in excess of $424 million of claims asserted against the Estate.

38.     At least 14 UCC-1 statements were of record securing alleged debts of the Debtor as of the Petition Date. These statements either reflected secured liens against the Debtor's assets then owned or thereafter acquired or provided evidence of the assignment or sale of substantial portions of the Debtor's future income. They secured the repayment of the following claimed amounts that are currently known to Trustee and are allegedly owed by the Debtor: (a) $2,374,004.82 owed to Fundura Capital Group as evidenced by Proof of Claim No. 335 purportedly secured by a UCC statement filed on or about May 19, 2021; (b) approximately $15 million dollars owed to MNS Funding, LLC as evidenced by Proof of Claim No. 1060 purportedly secured by a UCC statement filed on or about May 28, 2021; (c) approximately $5,000,000 owed to Azzure Capital, LLC as evidenced by Proof of Claim No. 127 purportedly secured by a UCC statement filed on or about May 28, 2021; and (d) approximately $1.5 million dollars owed to Diverse Capital, LLC purportedly secured by UCC statements filed on or about September 15, 2021, and December 1, 2021.

39.     Debtor's balance sheets for the 36 months ending December 31, 2021, show approximately $17,900,000 in total assets at its highest point in November 2021. This amount is significantly less than the $424 million of claims filed.

40.     Debtor's Statement of Financial Affairs, filed on April 4, 2023, as Dk. No. 34, reflects 15 pending lawsuits against Debtor as of the Petition Date. The lawsuits date back to October 18,

2021 (*Fundura v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 613192-2021) and are as recent as March 10, 2023 (*Diverse Capital LLC v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 135614-2023).

**F.    Debtor's Insolvency**

41.    Debtor was insolvent when the Transfers occurred as evidenced by: (a) the 14 UCC-1 statements reflecting secured liens against the Debtor's owned and after-acquired assets and the assignment or sale of substantial portions of the Debtor's future income; (b) the priority and non-priority unsecured debt of nearly $142 million listed in Debtor's schedules; (c) the $424 million of creditor claims filed in this Bankruptcy Case; and (d) Debtor's balance sheets reflecting, at its highest point, $17.9 million of assets in November 2021.

42.    Moreover, insolvency is presumed as a matter of law where, as in this Bankruptcy Case, the debtor operated a Ponzi scheme. *See, e.g., Glob. Money Mgmt., L.P. v. McDonnold*, No. 06CV34, 2008 U.S. Dist. LEXIS 128733, at *15 (S.D. Cal. Feb. 27, 2008) (concluding that "if a Ponzi scheme is proven, then the debtor is proven insolvent from the time of its inception").

## SPECIFIC ALLEGATIONS

43.    On June 28, 2023, Affirma filed Proof of Claim No. 91 in the original amount of $66,855,310.45 (as amended the "Affirma Claim").

44.    The basis for the Affirma Claim was the post-bankruptcy assignment of numerous promissory notes between the Debtor and various third parties ("Affirma Notes").

45.    Upon information and belief, Affirma is currently the owner and holder of the Affirma Notes identified in the Affirma Claim.

46.    Upon further information and belief, the original lender identified in the respective Affirma Notes have no interest in the Affirma Notes save for a contractual promise of Affirma to make a pro-rata distribution of any amounts paid on the Claim.

47.    Upon information and belief, the Affirma Notes were created when Spot On Consulting, Inc. ("Spot On") solicited loans for the Debtor from third party investors holding itself out as "administrative liaison" or "servicing company" working on behalf of both Debtor and the individual investors.

48.     Spot On acted as an unlicensed investment broker and, upon information and belief, it was paid or retained a percentage of the principal amount of each loan made to the Debtor as consideration.

49.     The Affirma Notes provide that the Debtor would repay 8 to 10% of the principal amount of the note each month for a period of twelve to thirteen months. At maturity, the Debtor would repay the lender the entire principal amount of the note. The Debtor was responsible for making payments on the principal amount of the Note despite Spot On retaining a portion as a commission.

50.     Pursuant to the Affirma Notes and other notes that Spot On originated, the Debtor was obligated to pay 80% to 100% interest per annum on the original principal balance of the note. These promises obligated the Debtor to pay two or three times of the original amount of the note. A sample note originated by Spot On that is included as one of the Affirma Notes is attached hereto as **Exhibit 2**. This note obligated the Debtor to pay $588,000 over a year in exchange for a $300,000 loan less a commission.

51.     Upon information and belief, referral bonuses were paid to lenders that found third parties to loan money to the Debtor through Spot On.

52.     Upon information and belief, the principal amount of some notes originated with Spot On and signed by the Debtor represented amounts the Debtor already owed to the lender on the note. These prior obligations might have been promised investment returns on prior "file purchases" or "investments" in the Debtor or unmade payments or referral fees owed for previous borrowings through Spot On. Thus, no new credit was extended to the Debtor under this type of note.

53.     The Debtor would make payments to the noteholders either by making payments directly to the noteholder, or by having Spot On make the monthly payments due on the notes for it. When Spot On made the payments to the lenders, it either used money on deposit from recently executed notes or money that the Debtor had transferred to it so that it could make the payments.

54.     The Debtor's obligations under the Affirma Notes are invalid, unenforceable, and unlawful because, among other reasons, they provide for a usurious interest rate.

55.     The Debtor's issuance of and borrowing under the Affirma Notes are a Ponzi scheme

1  on a smaller scale as funds from current lenders were used to make payments owed to prior lenders

2  and because the Debtor would never have been able to repay all of the amounts borrowed were it

3  operated legally.

**FIRST CLAIM FOR RELIEF**

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer(s)**

**11 U.S.C. §§ 548(a)(1)(A), 550 & 551**

7    56.    Plaintiff incorporates by reference the preceding Paragraphs as though set forth in full.

8    57.    The Affirma Notes were obligations of the Debtor's Estate.

9    58.    The Affirma Notes were executed within the two years prior to the Petition Date.

10   59.    On or after the date that each Affirma Notes was executed, the Debtor was or became

11   indebted include the Prepetition Creditors.

12   60.    The Affirma Notes were executed when the Debtor was insolvent or was rendered

13   insolvent as a result of its obligations under the Affirma Notes.

14   61.    The Affirma Notes were executed with actual intent to hinder, delay or defraud the

15   creditors of Debtor because the Debtor was operating a Ponzi scheme which permits the Court to

16   infer that the Debtor's intent was fraudulent within the meaning of 11 U.S.C. section 548(a)(1).

17   62.    The execution of the Affirma Notes are avoidable as fraudulent pursuant to 11 U.S.C.

18   §§ 548(a)(1)(A), 550, and 551 by one or more creditors who held and hold unsecured claims against

19   Debtor that were and are allowable against Debtor's Estate under 11 U.S.C. § 502, or that were not

20   and are not allowable only under 11 U.S.C. § 502(e), including, without limitation, the Prepetition

21   Creditors.

22   63.    The execution of the Affirma Notes should be avoided as fraudulent under 11 U.S.C.

23   § 548(a)(1)(A), and such transferred property, or the value thereof, should be recovered and preserved

24   for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

**SECOND CLAIM FOR RELIEF**

**Avoidance, Preservation, and Recovery of Constructively Fraudulent Transfer(s)**

**11 U.S.C. §§ 548(a)(1)(B), 550 & 551**

28   64.    Plaintiff realleges and incorporates by reference each and every allegation contained

1 | in the preceding paragraphs as though set forth in full herein.

2 | 65.    The Affirma Notes were executed within two years before the Petition Date.

3 | 66.    Debtor did not receive reasonably value in exchange for executing the Affirma Notes.

4 | 67.    The Affirma Notes were executed when Debtor was insolvent and/or rendered
5 | insolvent by virtue of said obligations.

6 | 68.    When the Affirma Notes were executed, the Debtor's business was undercapitalized,
7 | and Debtor was engaged in business for which its capital was unreasonably small.

8 | 69.    When the Affirma Notes were executed, Debtor had incurred or was about to incur
9 | debts that were beyond its ability to pay. The allegations in the preceding paragraphs are supported
10 | by the fact that the Debtor was having to borrow money regularly from entities like the prior holders
11 | of the Affirma Notes to provide liquidity and was frequently required to borrow additional sums from
12 | merchant cash advance lenders to service prior borrowing.

13 | 70.    At the time each Affirma Note was executed, Debtor was indebted to one or more
14 | creditors that held a claim against Debtor on that date and on the Petition Date.

15 | 71.    Plaintiff alleges that the Affirma Notes were not executed in good faith, for value, and
16 | without knowledge of their avoidability.

17 | 72.    Each lender identified in the Affirma Notes knew or should have known that the terms
18 | of the borrowing was usurious under California law.

19 | 73.    Each lender identified in the Affirma Note knew or should have known that the Debtor
20 | was a law firm that cannot use client funds until they have been earned.

21 | 74.    Based on the foregoing, Plaintiff may avoid the execution of the Affirma Notes for the
22 | benefit of the Estate under 11 U.S.C. §§ 550 and 551.

23 | **THIRD CLAIM FOR RELIEF**

24 | **Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfer(s)**

25 | **[11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07]**

26 | 75.    Plaintiff realleges and incorporates by reference each and every allegation contained
27 | in the preceding paragraphs as though set forth in full herein.

28 | 76.    Under 11 U.S.C. § 544(b)(1), Plaintiff may avoid obligations of the Debtor which are

13

voidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code §§ 3439.04(a)(1) and 3439.05.

77.    The Affirma Notes were executed within four years prior to the Petition Date.

78.    On or after the date that the Affirma Notes were executed, entities to which Debtor was or became indebted include the Prepetition Creditors.

79.    Despite Debtor's obligation to the Prepetition Creditors, Debtor executed the Affirma Notes.

80.    The Affirma Notes were executed with actual intent to hinder, delay or defraud the creditors of Debtor as the Debtor was operating a Ponzi scheme.

81.    The borrowing and obligations of the Affirma Notes is a Ponzi scheme of its own.

82.    The origination of the Affirma Notes was done with oppression, fraud and malice, as defined in California Civil Code section 3294, entitling Plaintiff to exemplary and punitive damages.

83.    The obligations of the Affirma Notes are avoidable as fraudulent pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07 by one or more creditors who held and hold unsecured claims against Debtor that were and are allowable against its Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e), including, without limitation, the Prepetition Creditors.

84.    Accordingly, the execution of the Affirma Notes should be avoided as fraudulent under 11 U.S.C. §§ 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07, and the Debtor should be relieved of any obligation to perform under the obligations contained therein.

### FOURTH CLAIM FOR RELIEF

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer(s)**

**11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07**

85.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though set forth in full herein.

86.    Under 11 U.S.C. § 544(b)(1), Plaintiff may avoid transfers of an interest of Debtor which are voidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code §§ 3439.04(a)(2) and 3439.05.

87.    Debtor did not receive reasonably equivalent value in exchange for executing the Affirma Notes.

88.    The Affirma Notes were executed when the Debtor was insolvent and/or rendered insolvent by virtue of said actions.

89.    When the Affirma Notes were executed, Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or transaction.

90.    When the Affirma Notes were executed, Debtor intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond Debtor's ability to pay as they became due.

91.    When the Affirma Notes were executed, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Transfer and on the Petition Date.

92.    The Affirma Notes were executed at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

93.    Plaintiff alleges that Defendants did not enter into the Affirma Notes in good faith, for value, and without knowledge of their avoidability.

94.    Each initial holder of an Affirma Note knew that the Debtor was a law firm who was required by law to escrow client payments until earned. However, holder of an Affirma Note sought payment from client payments that had not been earned because they were paid by the Debtor, Vulcan, and/or Coast or were paid directly from a payment processor for the Debtor such that the funds were never placed in trust.

95.    Each holder of an Affirma Note had to know or should have known that they were being paid with client funds that had not been placed into trust and been disbursed before they were earned.

96.    As an assignee, Affirma stands in the shoes in the original holders of the Affirma Notes.

97.    Based on the foregoing, Plaintiff may avoid the execution of the Affirma Notes pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) and 3439.05.

98. Based on the foregoing, Plaintiff may avoid the execution of the Affirma Notes pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

### FIFTH CLAIM FOR RELIEF

### Objection to Proof of Claim

### 11 U.S.C. §§ 502(b) and (d)

99. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though set forth in full herein.

100. 11 U.S.C. § 502(b) permits a Bankruptcy Court to determine the amount of a proof of claim following the filing of an objection.

101. Article XV, section 1 of the California state constitution forbids charging any borrower "more than the interest authorized by this section." This provision permits parties to contract for an interest rate of the greater of ten percent per annum (10%) or five percent above the Federal Discount Rate

102. The Affirma Notes contain interest rates that far exceed the ten percent per annum cap imposed by the state constitution.

103. The Affirma Notes do not qualify for any exemption from the usury law in California.

104. The Affirma Claim is based on the total amount allegedly owed on the Affirma Notes calculated under the usurious and unenforceable terms of the Affirma Notes.

105. The Trustee has sought to avoid the Debtor's execution of the Affirma Notes herein. If successful, the Affirma Notes would not be enforceable against the Estate as written. The Court would need to determine the amount of the Affirma Claim once the amounts owed upon the Affirma Notes were recalculated.

106. The Affirma Claim is also objected to and is subject to disallowance pursuant to 11 U.S.C. § 502(d) because Affirma is the successor in interest to the original lenders who received transfers that are avoidable under 11 U.S.C. §§ 544, 547, 548, and/or 549. Separate actions will be filed against those entities that received the significant payments.

107. The amount of the amount of the transfers mentioned above has not been returned to the Estate.

WHEREFORE, Plaintiffs prays for a judgment as follows:

**On the First, Second, Third, Fourth and Fifth Claims for Relief:**

1.    Avoiding the Debtor's obligations under the Affirma Notes as fraudulent conveyances made with an intent to defraud, the Affirma Notes are usurious under California law and are unenforceable,  and/or because the Debtor did not receive reasonably equivalent value in exchange for obligating itself under the Affirma Notes.

2.    Sustaining the Trustee's Objection to Affirma's Claim based on the relief awarded herein and determining the amount of the Affirma Claim based on the out-of-pocket losses of the holders of the Affirma Notes accounting for payments received without consideration of profit or gain;

3.    Granting any other and such further relief as the Court deems just and proper.

DATED: March 17, 2025                          DINSMORE AND SHOHL LLP


                                               By: */s/ Tyler Powell*
                                                  Yosina M. Lissebeck
                                                  Tyler Powell (*admitted pro hac vice*)
                                                  Special Counsel to Richard A. Marshack, Trustee
                                                  of the LPG Liquidation Trust

# EXHIBIT 1

Exhibit 1
Page 18

1    CHRISTOPHER B. GHIO (259094)
     christopher.ghio@dinsmore.com
2    CHRISTOPHER CELENTINO (131688)
     christopher.celentino@dinsmore.com
3    YOSINA M. LISSEBECK (201654)
     yosina.lissebeck@dinsmore.com
4    DINSMORE & SHOHL LLP
5    655 West Broadway, Suite 800
     San Diego, California 92101
6    Tele: 619.400.0500
     Fax: 619.400.0501
7

8    Sarah S. Mattingly (Ky. Bar 94257)
     sarah.mattingly@dinsmore.com
9    DINSMORE & SHOHL, LLP
     101 S. Fifth Street, Suite 2500
10   Louisville, Kentucky 40202
     Tele: 859-425-1096
11   Fax: 502-585-2207
12   (Admitted pro hac vice)

13   Special Counsel to Richard A. Marshack

**FILED & ENTERED**

**JUN 03 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

14            **UNITED STATES BANKRUPTCY COURT**

15      **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

16   In Re                              Case No: 23-bk-10571-SC

17                                      Chapter 11

18                                      **ORDER GRANTING MOTION FOR**
     The Litigation Practice Group P.C.,    **ENTRY OF PROTECTIVE ORDER AND**
19                                      **THE PROTECTIVE ORDER**
             Debtor(s),
20

21                                      Date:    May 23, 2024
                                        Time:    1:30 p.m.
22                                      Judge:   Hon. Scott C. Clarkson
                                        Place:   Courtroom 5C (via Zoom)[1]
23                                               411 West Fourth Street
24                                               Santa Ana, CA 92701
25

26

27   _____

28   [1] Video and audio connection information for each hearing will be provided on Judge Clarkson's
     publicly posted hearing calendar, which may be viewed online at:
     http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

Exhibit 1
Page 19

1       The Court has read and considered the Notice of Motion and Motion for Entry of Protective

2   Order (the "Motion") filed by Richard A. Marshack, in his capacity as the Chapter 11 Trustee (the

3   "Trustee") of the Bankruptcy Estate ("Estate") of The Litigation Practice Group P.C., on May 2, 2024,

4   pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c)(1),

5   as Dk. No. 1164 ("Motion"), and has found good cause to grant the Motion.

6       IT IS HEREBY ORDERED that:

7       1.      The Motion is granted;

8       2.      The below Protective Order shall apply to any contested matter arising

9   in the main bankruptcy case and in all adversary proceedings filed by or against Trustee,

10  present and future; and

11      3.      Govern the discovery conducted therein.

12

13                              **PROTECTIVE ORDER**

14  **1.      DEFINITIONS**

15      1.1     "Confidential Information" as used in this Protective Order shall mean documents and

16  other information (regardless of how generated, stored or maintained) that a Party or non-party

17  reasonably believes to contain or reflect non-public financial or business information, bank records,

18  financial records, such as social security numbers, non-public financial or personal information of a

19  Party or non-party, account numbers, sensitive digital information and identifiers, information subject

20  to confidentiality agreements or provisions other than this Protective Order, and other non-public

21  research, development, or commercial information that derives value or avoids injury by virtue of not

22  being known to the public.

23      1.2     This "Action" is defined and hereby means any contested matter arising in the main

24  bankruptcy case and in all adversary proceedings filed by or against Trustee, present and future.

25      1.3     "Designating Party" means a Party or non-party that designates Confidential

26  Information during the Action.

27      1.4     "Receiving Party" means a Party that receives Confidential Information during the

28  Action.

Exhibit 1
Page 20

1.5    "Party" or "Parties" means person or entity subject to this Protective Order.

**2.    SCOPE OF THIS PROTECTIVE ORDER**

2.1    Unless otherwise ordered, this Protective Order shall govern certain documents and other products of discovery obtained in the Action from the Parties there to, and from third parties. As well as certain information copied or derived therefrom, excerpts, summaries or compilations thereof, including, but not limited to, documents voluntarily exchanged as part of early settlement discussions, documents produced pursuant to initial disclosures, requests authorized by the Federal Rules of Civil Procedure made applicable herein by the Federal Rules of Bankruptcy Procedure, answers to interrogatories, deposition transcripts, responses to requests for production, responses to requests for admission, subpoenas, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of the Action and designated as Confidential Information.

**3.    DESIGNATION OF CONFIDENTIAL INFORMATION**

3.1    This Protective Order shall govern the production and handling of any Confidential Information in this Action. Any Party or non-party who produces Confidential Information in this Action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Protective Order. Whenever possible, the Designating Party must designate only those portions of a document, written discovery responses, deposition, transcript, or other material that contain the Confidential Information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its Confidential Information outside of this Action or for any business purposes. In addition, any Party may move to modify or seek other relief from any of the terms of this Protective Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Parties or Party as the case may be under the terms of this Protective Order. Further, nothing in this Protective Order shall prevent a Party from redacting documents consistent with the Federal Rules of Civil Procedure and utilizing the documents as needed through-out the Action.

3.2    <u>Application to Non-Parties:</u> Before a non-party is given copies of documents or materials designated as Confidential Information or Attorneys' Eyes Only as permitted hereunder, it

must first sign an acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the Parties to this Action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign attached <u>Exhibit A.</u>

3.3    <u>Timing and Provisional Protection:</u> Designations of Confidential Information may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate documents or materials containing Confidential Information at the time of production or disclosure, including on the record during the taking of any deposition. Deposition testimony will be deemed provisionally protected for a period of thirty (30) days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

3.4    <u>Manner of Designation:</u> Confidential Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm the designation in writing. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image that contains Confidential Information.

**4.      CHALLENGES TO DESIGNATED INFORMATION**

4.1    In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within fifteen (15) days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is

4

Exhibit 1
Page 22

1    resolved by the Parties or ruled upon by the Court, the designated information shall remain protected

2    under this Protective Order. The failure of any Receiving Party to challenge a designation does not

3    constitute a concession that the designation is proper or an admission that the designated information

4    is otherwise competent, relevant, or material.

5        **5.**        **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

6        5.1    <u>Restricted Use:</u> Information that is produced or exchanged in the course of the Action

7    and designated under this Protective Order may be used for preparation for trial and preparation for

8    any appeal of any and all matters in the Action, as well as related settlement negotiations, and for no

9    other purpose, without the written consent of the Designating Party. No Confidential Information may

10    be disclosed to any person except in accordance with the terms of this Protective Order, unless the

11    parties are co-counsel or have entered into joint defense agreements. All persons in possession of

12    Confidential Information agree to exercise reasonable care with regard to the custody, use, or storage

13    of such information to ensure that its confidentiality is maintained. This obligation includes, but is

14    not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of

15    any subpoena that seeks production or disclosure of any designated information and consulting with

16    the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or

17    Attorneys' Eyes Only information in violation of the terms of this Protective Order may subject the

18    disclosing person or party to sanctions.

19        5.2    <u>Access to "Confidential" Information:</u> The Party(ies) and all persons subject to this

20    Protective Order agree that information designated as "CONFIDENTIAL" may only be accessed or

21    reviewed by the following:

22        a)        The Court, its personnel, and court reporters;

23        b)        Counsel of record, or co-counsel for any Party, or other party that has entered into a

24    joint defense agreement in the Action and their employees who assist counsel of record, or co-counsel

25    in the Action and are informed of the duties and obligations imposed hereunder;

26        c)        The Parties, including their clients, agents and employees who are assisting or have

27    reason to know of the Action;

28    / / /

Exhibit 1
Page 23

d)      Experts or consultants employed by the Parties or their counsel, or co-counsel, for purposes of an Action, so long as each such expert or consultant has signed attached <u>Exhibit A;</u> and

e)      Other witnesses or persons with the Designating Party's consent or by court order.

5.3     <u>Access to "Attorneys' Eyes Only" Designations:</u> The Parties and all persons subject to this Protective Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

a)      The Court, its personnel, and court reporters;

b)      Counsel of record, or co-counsel for any Party, or other party that has entered into a joint defense agreement in the Action and their employees who assist counsel of record in the Action and are informed of the duties hereunder;

c)      In-house counsel for any Party in the Action and Richard A. Marshack, as Chapter 11 Trustee of The Litigation Practice Group P.C. who is informed of the duties and obligations imposed hereunder;

d)      Experts or consultants employed by the Parties or their counsel, or co-counsel for purposes of the Action,  and so long as each such expert or consultant has signed attached <u>Exhibit A;</u> and

e)      Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

5.4     <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, will constitute a waiver of any Party(ies)'s claim or defense in the Action or any other action or proceeding, including, but not limited to, a claim or defense that any designated information is or is not Confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

5.5     <u>In-Court Use of Designated Information:</u> If information designated under this Protective Order will or may be offered in evidence at a hearing or trial related to any matter in the Action, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with

6

Exhibit 1
Page 24

the Court's case-management or other pre-trial order, or by a motion *in limine*.  Nothing in this

Protective Order shall be construed as a waiver by a Party of any objections that may be raised as to

the admissibility at trial of any evidentiary materials.

**6.    CLAW-BACK REQUESTS**

6.1    <u>Failure to Make Designation:</u>  If, at any time, a Party or non-party discovers that it

produced or disclosed Confidential Information without designation, it may promptly notify the

Receiving Party and identify with particularity the Confidential Information to be designated and the

level of designation (the claw-back notification). The Receiving Party may then request substitute

production of the newly-designated information. Within thirty (30) days of receiving the claw-back

notification, the Receiving Party must: (1) certify to the Designating Party it has appropriately marked

or, if substitute production has been requested, destroyed all unmarked copies that it received, made,

and/or distributed; and (2) if it was practicably unable to mark or destroy any information because

disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms

of this Protective Order regarding that information, the Receiving Party must reasonably provide as

much information as practicable to aid the Designating Party in protecting the information,

consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation

privileges.

6.2    <u>Inadvertent Production of Privileged Information:</u> If, at any time, a Party discovers

that it produced information that it reasonably believes is subject to protection under the

attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each

Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and

comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute

information that redacts the information subject to the claimed protection. The Receiving Party must

thereupon comply with Fed. R. Civ. P. 26(b)(5)(B) as to the information subject to the claimed

protection.

/ / /

/ / /

/ / /

**7.    DURATION/CONTINUED RESTRICTIONS**

7.1    <u>Handling of Designated Information Upon Conclusion of the Main Bankruptcy Case:</u> Upon conclusion of the Main Bankruptcy Case, by way of dismissal or closing of the case, the Designating Party(ies) is/are responsible for ensuring that any Party or person to whom the Designating Party shared or disclosed designated information in any of the matters under the Action returns or destroys all of its copies, regardless of the medium in which it was stored. No witness or Party may retain designated information that it received from any other Party or non-party under this Protective Order; only counsel of record, or co-counsel, are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to protect its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Protective Order. This provision does not apply to the Court or Court staff. Moreover, this provision does not apply to Trustee, who may retain and use – consistent with this Order – Confidential Information received in any Action during the entirety of the Bankruptcy.

7.2    <u>Continued Restrictions Under this Protective Order:</u> The restrictions on disclosure and use of Confidential Information shall survive the conclusion of the Bankruptcy case and any matter in the Action.

**8.    PRIVILEGED OR PROTECTED INFORMATION**

8.1    Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, the work-product protection, or any other legally cognizable privilege (a "Privilege or Protection").  If information subject to a claim of Privilege or Protection is inadvertently produced, pursuant to Federal Rule of Evidence 502(d) such production shall not constitute a waiver of, or estoppel as to, any claim of Privilege or Protection for such information or any other information that may be protected from disclosure by a Privilege or Protection in any proceeding.

8.2    If a Party receives a document that appears to be subject to a Privilege or Protection, then it shall refrain from examining the document any more than is essential to ascertain if it is privileged or protected and shall promptly notify the producing Party in writing that the receiving

8

Exhibit 1
Page 26

Party possesses material that appears to be subject to a Privilege or Protection. The producing Party shall have seven (7) days after receiving such notice to assert a Privilege or Protection over the identified material. If the producing Party does not assert a claim of Privilege or Protection within the seven (7)-day period, the material in question shall be deemed not privileged or protected.

8.3    If a producing Party has produced a document subject to a claim of Privilege or Protection, upon written request by the producing Party, the document for which a claim of Privilege or Protection is made shall be sequestered or destroyed to the extent reasonably practicable, and the receiving Party shall not use the document for any purpose other than in connection with analyzing or disputing a claim of Privilege or Protection or in connection with a motion to compel the production of the document.

8.4    The receiving Party sequestering or destroying such material may then move the Court for an order compelling production of the material. The applicable producing Party bears the burden of establishing the applicable Privilege or Protection of any clawed-back document or information as and to the same extent that it would have borne such burden had it not produced the document or information.  Nothing in this Protective Order shall limit the Court's right or any receiving Party's right to request an in camera review of any information subject to a claim of Privilege or Protection.

###

Date: June 3, 2024

Scott C. Clarkson
United States Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

1

Exhibit 1
Page 28

1 | Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
2 | Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
3 | 655 West Broadway, Suite 800
San Diego, CA 92101
4 | Telephone:  619.400.0500
Facsimile:  619.400.0501
5 | christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
6 | yosina.lissebeck@dinsmore.com

7 | Sarah S. Mattingly (Ky. Bar 94257)
DINSMORE & SHOHL, LLP
8 | 101 S. Fifth Street, Suite 2500
Louisville, KY 40202
9 | Telephone: 859-425-1096
Facsimile: 502-585-2207
10 | Sarah.mattingly@dinsmore.com
(Admitted pro hac vice)
11 |
Special Counsel to Richard A. Marshack,
12 | Chapter 11 Trustee

13 |

14 |

15 | **UNITED STATES BANKRUPTCY COURT**

16 | **CENTRAL DISTRICT OF CALIFORNIA**

17 |

18 | In Re                                    |    Case No. 8:23-BK-10571-SC

19 |                                          |    Chapter 11

20 | The Litigation Practice Group P.C.,      |    **EXHIBIT A TO STIPULATED ORDER**

20 |                Debtor(s),                |    Date:   May 23, 2024
21 |                                          |    Time:   1:30 p.m.
22 |                                          |    Judge:  Hon. Scott C. Clarkson
23 |                                          |    Place:  Courtroom 5C[1] - Via Zoom
24 |                                          |            411 W. Fourth Street
                                             |            Santa Ana, CA  92701
25 |

26 |

27 |

28 | _____
[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's
publicly posted hearing calendar, which may be viewed online at:
http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

1

Exhibit 1
Page 29

1    This is to certify that:

2       (a)    I am being given access to Confidential Information pursuant to the

3    Stipulated Protective Order that was entered into the main bankruptcy case for

4    Litigation Practice Group, but which is binding and controlling as set forth by the

5    Court's Order on any and all contested matters and  any and all litigation commenced

6    by Trustee;

7       (b)    I have read the Stipulated Protective Order; and

8       (c)    I agree to be bound by the terms and conditions thereof, including,

9    without limitation, to the obligations regarding the use, non-disclosure and return of

10   such Confidential Information. I further agree that in addition to being contractually

11   bound by the Stipulated Protective Order, I am subject to the jurisdiction of the above

12   reference Court for any violation thereof.

13

14   Date: _____

15

16                                         _____
                                                    Signature

17

18                                         _____
19                                                 Printed Name

20

21

22

23

24

25

26

27

28

Exhibit 1
Page 30

# EXHIBIT 2

Exhibit 2



# 12 MONTH PLAN

Lender: _Lavin Consulting Inc._

Contact Person: _NATE LAVIN_

Corp: X LLC: ____ Sole Prop: ____ Partnership: ____ Other: _____

Address: _1560 Amber Sweet St_ Phone: _714-801-0313_

_Corona 97881_ Email: _N8Natelavin@gmail .com_

NO BUSINESS RELATIONSHIP CAN COMMENCE BEFORE
LITIGATION PRACTICE GROUP IS IN RECEIPT OF THE FOLLOWING

## LENDER CHECKLIST

1. Lender Agreement – *signed & returned*)
2. W-9- *with EIN/ SSN*
3. Direct deposit form / Copy of voided Check

## LOAN / LENDER AGREEMENT

This agreement is made and entered into between _Larin Consulting_ ("Lender") and Litigation Practice Group. ("LPG") as of the date last signed below. Lender and LPG may be jointly referred to herein as the "Parties." LPG may also be referred to herein as the "Borrower".

### ARTICLE 1 (TERM OF CONTRACT)

This agreement is for a total of 12 to 13 Months.

### ARTICLE II (BREAKDOWN OF LOAN)

On this day _9-1-22_ Lender is agreeing to loan LPG the following sum:
$ _300,000.00_

This amount will be held for a Total of 12 Months. Initial loan will be paid back to Lender in Full on Month 12 and LPG has option to pay on Month 13 with an additional 8% interest.

Borrower promises to pay back initial funds within 12 to 13 Months from today.

Borrower promises to pay back FULL amount of loan PLUS an additional 8% in interest per month.

Borrower promises to pay back to Lender the Total Sum of
$ _588,000.00_

### ARTICLE III (REPAYMENT)

Borrower will pay back in the following manner. Borrower will repay the amount of this note in 12 equal continuous monthly installments of $ _24,000_ each on the day of each month preliminary on the _1st_ day of _OCTOBER_ 20 _22_ and ending on _Sept. 1st_ 20 _23_.

Final balance (initial loan) $ _300,000.00_ will be paid back in Full on Month 12 to 13 in thus completing the Contract.

**ARTICLE IV (LATE CHARGE & PENALTY FOR EARLY WITHDRAWAL)**

Late Charge. Any payment not remunerated within Ten (10) days of its due date shall be subject to a belatedly charge of 5% of the monthly payment.

There will be a 25% fee required from initial capital for early withdrawal. All requests must be submitted in writing to LPG:

17542 E. 17th Street

Tustin, CA 92870

Early withdrawals will be paid within 15 days of submitted request.

**ARTICLE V (ARBITRATION)**

Section 6.01. <u>Binding Arbitration.</u> Any dispute, controversy or claim arising out of or relating to this Agreement or the business relationship of the Parties, its enforcement, arbitrability or interpretation, or because of an alleged breach, default, or misrepresentation in connection with any of the foregoing, including any alleged violation of statute, common law or public policy shall be submitted to final and binding arbitration before JAMS to be held in Orange County California before a single arbitrator, in accordance with the then-current JAMS rules and the Federal Arbitration Act, as modified by the terms and conditions contained in this paragraph. A copy of the James rules are available online (www.jamsadr.com). By initialing below, Lender agrees to waive all rights to a jury trial and waives the right to pursue any class or representative claims to the maximum extent allowed by law. To the extent a class or representative claim may not be waived, the Lender agrees to stay any such claims until after all claims subject to arbitration are fully resolved. The arbitrator shall be selected by mutual agreement of the parties or, if the parties cannot agree, then by striking from a list of arbitrators supplied by JAMS. The arbitrator shall issue a written opinion stating the essential findings and conclusions on which the arbitrator's award is based. LPG will pay the arbitrator's fees and arbitration expenses and any other costs unique to the arbitration hearing (recognizing that each side bears its own deposition, witness, expert and attorney's fees and other expenses to the same extent as if the matter were being heard in court). If, however, any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, then the arbitrator may award reasonable attorneys' fees and costs to the prevailing party. Any dispute as to who is a prevailing party and/or the reasonableness of any fee or costs shall be resolved by the arbitrator. JAMS can be reached at 949.224.1810 or www.jamsadr.com.

This Agreement to arbitrate is freely negotiated between Lender and LPG and is mutually entered into between the parties. Each party fully understands and agrees that they are giving up certain rights otherwise afforded to them by civil court actions, including but not limited to the right to a jury trial.

**By initialing below, each person signing below acknowledges he or she has read this paragraph, understands it, wants the other side to be bound by it, and agrees to be bound by it.**

_____ (initials)    _____ (initials) (FOR LPG)

## ARTICLE VI (MISCELLANEOUS)

Entire Agreement. The parties hereto agree that this contract contains the entirety of the agreements of the parties with respect to the subject matter hereof and that there are no other agreements oral or otherwise nor shall any amendments be permitted except by writing signed by all parties.

Place of Law and Venue. The parties agree that any action brought of maintained to enforce or interpret this agreement shall be in accordance with the laws of the State of California and venue for any such shall be in the County of Orange, State of California.

Requirement of Mediation before Arbitration. The parties agree that in the event a dispute arises between the Parties with respect to the relationship contemplated by this Agreement, the Parties shall engage in a full day of mediation prior to filing any petition or complaint for relief with any administrative office, court or arbitrator. Failure to do so shall deprive an offending party of any right it may have had to recover costs or attorney's fees in any proceeding.

Authority. Each person who signs below on behalf of an entity or any other person represents that he/she has been expressly given authority to do so.

**Litigation Practice Group:**                    **LENDER:**

TONY DIAB
Referred By – Print Name

_____ 9-1-22
Authorized Manager          Date

_____ 8-25-22
Signature          Date

Lavin Consulting Inc.
Printed Name

Contract is being executed via Spot On Consulting. Spot On is the administrative liaison / servicing company that works on behalf of both Lender and Borrower.


Spot On Consulting

# **Adversary Cover Sheet**

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Richard A. Marshack, Trustee of the LPG Liquidation Trust | DEFENDANTS<br>Affirma, LLC, a California limited liability company |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Yosina M. Lissebeck (SBN 201654)<br>Tyler Powell (Ky. Bar No. 90520) (*Admitted pro hac vice*)<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101    Telephone (619) 400-0500<br>yosina.lissebeck@dinsmore.com<br>tyler.powell@dinsmore.com | ATTORNEYS (If Known) |
|---|---|

PARTY (Check One Box Only) — Plaintiffs side:
☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☒ Trustee

PARTY (Check One Box Only) — Defendants side:
☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**(1) Avoidance, Recovery, And Preservation Of Transfers Made With Intent To Defraud; (2) Avoidance, Preservation, And Recovery Of Constructively Fraudulent Two-Year Transfers; (3) Avoidance, Preservation, And Recovery Of Transfers Within Four Years ; (4) Avoidance, Recovery, And Preservation Of Transfers Made Within Four Years; and (5) Objection to Proof of Claim**

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of remove d claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand   n/a |
| Other Relief Sought<br>Disallowance of Proof of Claim | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>The Litigation Practice Group P.C. | BANKRUPTCY CASE NO.<br>8:23-bk-10571-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Tyler Powell | | |
| DATE<br>March 17, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Yosina M. Lissebeck<br>Tyler Powell (admitted pro hac vice)<br>Special Counsel to Richard A. Marshack, Trustee of the LPG<br>Liquidation Trust | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# EXHIBIT 2

# EXHIBIT 2

<table>
<tr><td colspan="2">**Fill in this information to identify the case:**</td></tr>
</table>

| | |
|---|---|
| Debtor 1 | Litigation Practice Group P.C. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:23-bk-10571-SC |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Affirma, LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |

| | |
|---|---|
| 2. **Has this claim been acquired from someone else?** | ☑ No ☐ Yes. From whom? _____ |

| | | |
|---|---|---|
| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** Jeffrey I. Golden Golden Goodrich LLP 650 Town Center Drive, Suite 600 Costa Mesa, CA 92626 Phone: 714-966-1000 Email: jgolden@go2.law  Eric Bensamochan The Bensamochan Law Firm Inc. 9025 Wilshire Blvd, Suite 215 Beverly Hills, CA 90211 Phone: 818-574-5740 Email: eric@eblawfirm.us  Uniform claim identifier for electronic payments in chapter 13 (if you use one): ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ | **Where should payments to the creditor be sent? (if different)** Name _____ Number      Street _____ City      State      ZIP Code _____ Contact phone _____ Contact email _____ |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No ☐ Yes. Claim number on court claims registry (if known) _____ Filed on ____ / ____ / ____ MM / DD / YYYY |

| | |
|---|---|
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No ☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
|---|---|

| 7. How much is the claim? | $ __66,855,310.45__ . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|

| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>__Money loaned__ |
|---|---|

| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>Basis for perfection: _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $_____<br>Amount of the claim that is secured: $_____<br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition: $_____<br><br>Annual Interest Rate (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
|---|---|

| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
|---|---|

| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |
|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*                                                                    Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under
11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                                  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for
personal, family, or household use. 11 U.S.C. § 507(a)(7).                              $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the
bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
11 U.S.C. § 507(a)(4).                                                                  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).                 $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).                     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.                     $_____

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06 27 2023
                  MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

Name    Caesar Mercado
        First name         Middle name                    Last name

Title   OWNER

Company Affirma, LLC
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address P.O. Box 515827
        Number    Street
        Los Angeles, CA  90051
        City                               State    ZIP Code

Contact phone  909-569-7016            Email caesarm91@yahoo.com

Attached herein is a schedule showing each claimant Affirma, LLC is asserting claims on behalf of and their amounts, inclusive of the date the obligation was entered into, the principal, and the accrued interest.  Each and every claim listed in the attached schedule is assigned to Affirma, LLC. This claim is filed both on behalf of both Affirma, LLC and each individual claimant listed.  Affirma, LLC has authority to distribute the funds pro rata to all claimants equally.

| Date | Name | Email | Initial Loan | Total Payout | Signed NOA |
|------|------|-------|-------------:|-------------:|:----------:|
| 01/27/23 | Aaron Elgas | Rachael@joinlpg.com | $ 5,000.00 | $ 17,000.00 | Yes |
| 10/26/22 | Adela Hernandez Perales | eliana_031@outlook.com | $ 60,000.00 | $ 135,131.00 | Yes |
| 08/26/22 | Adelina Miranda | adelina.miranda70@yahoo.com | $ 46,000.00 | $ 90,160.00 | Yes |
| 01/13/23 | Adrian Castellanos Aldaba | thewitchercat3@gmail.com | $ 5,000.00 | $ 8,000.00 | Yes |
| 11/23/22 | Adriana Baracaldo | adriana75baracaldo@gmail.com | $ 40,000.00 | $ 78,400.00 | Yes |
| 02/17/23 | Adriana Martinez | arymar78@hotmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 09/09/22 | AFN Consulting Inc | msvhernandez31@yahoo.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 10/05/22 | AFN Consulting Inc | msvhernandez31@yahoo.com | $ 20,000.00 | $ 39,200.00 | Yes |
| 10/19/22 | AFN Consulting Inc | msvhernandez31@yahoo.com | $ 20,000.00 | $ 39,200.00 | Yes |
| 02/03/23 | AFORC Inc. | georgefolkaasl@gmail.com | $ 93,000.00 | $ 182,280.00 | Yes |
| 12/02/22 | Alan Anawalt | alangeneanawalt@gmail.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 08/26/22 | Alberto Aguirre Lopez | mc_everest@yahoo.com | $ 40,000.00 | $ 78,400.00 | Yes |
| 09/16/22 | Alberto Aguirre Lopez | mc_everest@yahoo.com | $ 29,000.00 | $ 56,840.00 | Yes |
| 11/09/22 | Alberto Ceja | visionbusiness247@gmail.com | $ 34,000.00 | $ 66,640.00 | Yes |
| 03/10/23 | Alejandro Villegas | mariluvillegas5717@gmail.com | $ 10,000.00 | $ 63,411.00 | Yes |
| 10/19/22 | Alexander Zurn | zurnal101@gmail.com | $ 12,000.00 | $ 19,200.00 | Yes |
| 12/09/22 | Alfredo Jimenez | cesarmageshio@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 09/02/22 | Alicia Barraza | aliciabfam@yahoo.com | $ 16,000.00 | $ 31,360.00 | Yes |
| 01/20/23 | Alicia Garcia | alicia.garcia413@yahoo.com | $ 52,275.00 | $ 102,459.00 | Yes |
| 01/20/23 | Alicia Oralia Duarte Rosas | aliciaduarte865@gmail.com | $ 5,000.00 | $ 8,000.00 | Yes |
| 03/10/23 | Alicia Oralia Duarte Rosas | aliciaduarte865@gmail.com | $ 5,000.00 | $ 31,705.00 | Yes |
| 01/20/23 | Alma Picado | almapicado2@gmail.com | $ 55,250.00 | $ 108,290.00 | Yes |
| 12/16/22 | Alonso Castellanos Dominguez | jacd400@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 12/30/22 | Alonso Castellanos Dominguez | jacd400@gmail.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 03/10/23 | Alta Vista Mobile Home Inc. | coconaranjo@gmail.com | $ 5,000.00 | $ 31,705.00 | Yes |
| 09/16/22 | American Republic, LLC | arcleanrepllc@yahoo.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 09/28/22 | American Republic, LLC | arcleanrepllc@yahoo.com | $ 29,000.00 | $ 56,840.00 | Yes |
| 10/26/22 | American Republic, LLC | arcleanrepllc@yahoo.com | $ 7,000.00 | $ 13,720.00 | Yes |
| 03/10/23 | Amp Racing Inc | ma6824@att.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 11/16/22 | Anastacio Robles | cesarmageshio@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 12/02/22 | Andrew Williams | astevenwilliams@live.com | $ 60,000.00 | $ 103,200.00 | Yes |
| 11/09/22 | Angel Castro Nolasco | angelpcastro79@gmail.com | $ 30,000.00 | $ 55,200.00 | Yes |
| 11/09/22 | Angel Castro Nolasco | angelpcastro79@gmail.com | $ 50,000.00 | $ 202,446.00 | Yes |
| 03/03/23 | Angel Castro Nolasco | angelpcastro79@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 03/24/23 | Angel Castro Nolasco | angelpcastro79@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 11/09/22 | Angel Lazaro Castaneda | zero309@hotmail.com | $ 20,000.00 | $ 39,200.00 | Yes |

| 09/28/22 | Angie M. Cardoza | efraincardoza@yahoo.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
|---|---|---|---|---|---|---|---|
| 01/20/23 | Anthony Padilla Cordova | cesarmageshio@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/20/23 | Antoine Powell | antoinespowell@yahoo.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/13/23 | Antoinne Rimmer | skyview23@yahoo.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 12/30/22 | Antonia Ruvalcaba | antoniar936666@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 09/09/22 | Armando Lopez | enrique30171@gmail.com | $ | 67,000.00 | $ | 131,320.00 | Yes |
| 12/16/22 | Armando Lopez | enrique30179@gmail.com | $ | 15,000.00 | $ | 29,400.00 | Yes |
| 01/06/23 | Armando Lopez | enrique30171@gmail.com | $ | 30,000.00 | $ | 58,800.00 | Yes |
| 01/13/23 | Armando Lopez | enrique30179@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 03/10/23 | Armando Lopez | enrique30179@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 11/02/22 | Aurora Castro Nolasco | auroracn21615@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 09/02/22 | Betty Martinson | e04j04m04@gmail.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 03/10/23 | Biltin Corporation | mesadkins2215@hotmail.com | $ | 30,000.00 | $ | 295,491.00 | Yes |
| 10/05/22 | Bishop Stewart | bishop@bishopstewart.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 09/02/22 | BJM Corp | bmercado0703@yahoo.com | $ | 25,000.00 | $ | 49,000.00 | Yes |
| 10/26/22 | BJM Corp | bmercado0703@yahoo.com | $ | 12,417.00 | $ | 50,275.00 | Yes |
| 10/26/22 | BJM Corp | bmercado0703@yahoo.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 10/26/22 | BJM Corp | jwasef88@gmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 01/06/23 | BJM Corp | jwasef88@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 10/26/22 | Blake McPherson | blakemcphersongolf@gmail.com | $ | 100,000.00 | $ | 184,000.00 | Yes |
| 08/26/22 | Blanca Aguirre | aguirreblanca1111@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 12/02/22 | Blue Jae (16) | rose@propromoinc.com | $ | 50,000.00 | $ | 492,486.00 | Yes |
| 09/09/22 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 09/28/22 | Blue Jae Inc | rose@propromoinc.com | $ | 50,000.00 | $ | 202,446.73 | Yes |
| 09/28/22 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 10/05/22 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 10/05/22 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 10/05/22 | Blue Jae Inc | Rose@propromoinc.com | $ | 600,000.00 | $ | 2,429,360.00 | Yes |
| 10/12/22 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 10/19/22 | Blue Jae Inc | rose@propromoinc.com | $ | 200,000.00 | $ | 920,000.00 | Yes |
| 10/26/22 | Blue Jae Inc | rose@propromoinc.com | $ | 200,000.00 | $ | 440,000.00 | Yes |
| 10/26/22 | Blue Jae Inc | rose@propromoinc.com | $ | 500,000.00 | $ | 2,024,467.00 | Yes |
| 11/02/22 | Blue Jae Inc | rose@propromoinc.com | $ | 50,000.00 | $ | 110,000.00 | Yes |
| 11/09/22 | Blue Jae Inc | rose@propromoinc.com | $ | 25,000.00 | $ | 55,000.00 | Yes |
| 11/09/22 | Blue Jae Inc | rose@propromoinc.com | $ | 50,000.00 | $ | 110,000.00 | Yes |
| 11/09/22 | Blue Jae Inc | rose@propromoinc.com | $ | 150,000.00 | $ | 330,000.00 | Yes |
| 11/16/22 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 220,000.00 | Yes |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/23/22 | Blue Jae Inc | rose@propromoinc.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 12/30/22 | Blue Jae Inc | rose@propromoinc.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/06/23 | Blue Jae Inc | rose@propromoinc.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/06/23 | Blue Jae Inc | rose@propromoinc.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 01/06/23 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 01/13/23 | Blue Jae Inc | rose@propromoinc.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/20/23 | Blue Jae Inc | rose@propromoinc.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/20/23 | Blue Jae Inc | rose@propromoinc.com | $ | 50,000.00 | $ | 170,000.00 | Yes |
| 01/27/23 | Blue Jae Inc | rose@propromoinc.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/27/23 | Blue Jae Inc | rose@propromoinc.com | $ | 50,000.00 | $ | 170,000.00 | Yes |
| 01/27/23 | Blue Jae Inc | rose@propromoinc.com | $ | 100,000.00 | $ | 340,000.00 | Yes |
| 02/03/23 | Blue Jae Inc | rose@propromoinc.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 03/17/23 | Blue Jae Inc | rose@propromoinc.com | $ | 359,791.00 | $ | 791,540.20 | Yes |
| 08/26/22 | Blue Jae/Jocelyn Mercado | rose@propromoinc.com | $ | 30,000.00 | $ | 121,468.00 | Yes |
| 01/27/23 | Brandon Cunningham | brandon@ccpcreditors.com | $ | 15,000.00 | $ | 147,745.00 | Yes |
| 01/27/23 | Brandon Cunningham | brandon@ccpcreditors.com | $ | 20,000.00 | $ | 68,000.00 | Yes |
| 09/28/22 | Brian Zambrano | zambrano_b@yahoo.com | $ | 18,000.00 | $ | 35,280.00 | Yes |
| 09/28/22 | Brian Zambrano | zambrano_b@yahoo.com | $ | 35,000.00 | $ | 141,712.00 | Yes |
| 01/06/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 60,000.00 | $ | 96,000.00 | Yes |
| 01/06/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 60,000.00 | $ | 96,000.00 | Yes |
| 01/06/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 60,000.00 | $ | 193,506.00 | Yes |
| 01/06/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 235,000.00 | $ | 460,600.00 | Yes |
| 02/03/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 60,000.00 | $ | 96,000.00 | Yes |
| 02/03/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 60,000.00 | $ | 193,506.00 | Yes |
| 03/03/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 480,000.00 | $ | 768,000.00 | Yes |
| 03/03/23 | Buck Wild Ventures LLC | brian@abcdeglobal.com | $ | 480,000.00 | $ | 1,548,000.00 | Yes |
| 08/26/22 | Business Global Pro | wingchunwarrior8@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 03/24/23 | Carlos Balmore Castro | gonzales.kv@yahoo.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 11/23/22 | Carmen Arellano | arellano4136@gmail.com | $ | 12,000.00 | $ | 23,520.00 | Yes |
| 02/10/23 | Carmen Arellano | arellano4136@gmail.com | $ | 15,000.00 | $ | 147,745.00 | Yes |
| 03/10/23 | Carmen Arellano | arellano4136@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 08/26/22 | Carmen Arrellano | arellano4136@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 01/27/23 | Cathy Konstandatos | cathy1000money@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 01/27/23 | Cathy Konstandatos | cathy1000money@gmail.com | $ | 20,000.00 | $ | 196,944.00 | Yes |
| 09/28/22 | CDS Pro Services | rddwn2003@aol.com | $ | 58,000.00 | $ | 113,680.00 | Yes |
| 09/09/22 | Ceja Inc | homemngmt21527@gmail.com | $ | 80,000.00 | $ | 156,800.00 | Yes |
| 12/16/22 | Celso Leanos | allprostar@gmail.com | $ | 130,000.00 | $ | 261,585.00 | Yes |

| | | | | | | |
|---|---|---|---|---|---|---|
| 02/17/23 | Celso Leanos | allprostar@gmail.com | $ | 50,000.00 | $ | 317,059.00 | Yes |
| 08/26/22 | Cesar Bello Hernandez | cookbello1@hotmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 10/12/22 | Cesar Padilla Zuniga | cesarmageshio@gmail.com | $ | 22,000.00 | $ | 43,120.00 | Yes |
| 11/16/22 | Cesar Padilla Zuniga | cesarmageshio@gmail.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 12/23/22 | Cesar Padilla Zuniga | cesarmageshio@gmail.com | $ | 43,000.00 | $ | 84,280.00 | Yes |
| 10/05/22 | Chelsea Patterson | chelseapatterson@yahoo.com | $ | 26,000.00 | $ | 44,720.00 | Yes |
| 11/23/22 | Chelsea Patterson | chelseapatterson@yahoo.com | $ | 5,000.00 | $ | 8,600.00 | Yes |
| 03/03/23 | Chelsea Patterson | chelseapatterson@yahoo.com | $ | 5,000.00 | $ | 8,600.00 | Yes |
| 10/05/22 | Chris Solares | solareschris5@gmail.com | $ | 27,000.00 | $ | 52,920.00 | Yes |
| 01/20/23 | Chris Werner | cwerner80@gmail.com | $ | 100,000.00 | $ | 196,000.00 | Yes |
| 02/24/23 | Chris Werner | cwerner80@gmail.com | $ | 35,000.00 | $ | 68,600.00 | Yes |
| 03/03/23 | Chris Werner | cwerner80@gmail.com | $ | 20,000.00 | $ | 196,994.00 | Yes |
| 09/28/22 | Christin Schenkelberg | rddwn2003@aol.com | $ | 50,000.00 | $ | 202,446.00 | Yes |
| 09/28/22 | Cinthya Martin | cinzambrano@hotmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 09/28/22 | Cinthya Martin | cinzambrano@hotmail.com | $ | 50,000.00 | $ | 202,446.73 | Yes |
| 03/03/23 | Clint Rupp | crupp0113@gmail.com | $ | 15,000.00 | $ | 24,000.00 | Yes |
| 03/17/23 | Colin Hare | colinshare@yahoo.com | $ | 25,000.00 | $ | 46,000.00 | Yes |
| 10/12/22 | Connor Poston | connorposton34@gmail.com | $ | 30,000.00 | $ | 51,600.00 | Yes |
| 03/31/23 | Connor Poston | connorposton34@gmail.com | $ | 30,000.00 | $ | 51,600.00 | Yes |
| 08/26/22 | Cristina Guillen Santacruz | cgiullen@yahoo.com | $ | 12,000.00 | $ | 23,520.00 | Yes |
| 01/06/23 | Cristina Margarita Hernandez | crisshernandez@gmail.com | $ | 10,000.00 | $ | 63,411.00 | Yes |
| 12/16/22 | Cynthia Castellanos | ccmomwrestling7@msn.com | $ | 12,000.00 | $ | 23,520.00 | Yes |
| 12/23/22 | Damon Pierson & Kathy Truong | kathytruong5573@gmail.com | $ | 75,000.00 | $ | 738,729.95 | Yes |
| 12/23/22 | Damon Pierson & Kathy Truong | kathytruong5573@gmail.com | $ | 275,000.00 | $ | 539,000.00 | Yes |
| 01/27/23 | Dandre Rimmer | skyview23@yahoo.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 01/20/23 | Daniel Fredrick | dgodson32@gmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 03/10/23 | Daniel Hernandez | deehernandez89@yahoo.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 10/19/22 | Darlene Collins | darcollins6@cox.net | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 01/06/23 | David Acfalle | davidjacfalle@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 12/30/22 | David Gomez Garcia | dgg0483@gmail.com | $ | 5,000.00 | $ | 31,705.00 | Yes |
| 02/24/23 | Denice Santos Madrid | madrid.denice@yahoo.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 01/13/23 | DLH Consulting | dylan.heller@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 01/13/23 | DLH Consulting | dylan.heller@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 10/05/22 | Dominick Stanley | dominickstanley23@yahoo.com | $ | 40,000.00 | $ | 68,800.00 | Yes |
| 03/10/23 | Doug Smith | dougsmith12@hotmail.com | $ | 25,000.00 | $ | 126,809.00 | Yes |
| 03/10/23 | Doug Smith | dougsmith12@hotmail.com | $ | 50,000.00 | $ | 92,000.00 | Yes |
| 12/02/22 | EFMA Services LLC | raisingothers22@gmail.com | $ | 160,000.00 | $ | 313,600.00 | Yes |

| 09/28/22 | Efrain Cardoza | efraincardoza@yahoo.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
|---|---|---|---|---|---|---|---|
| 12/02/22 | Elfidio E Gutierrez | eg55k1@aol.com | $ | 25,000.00 | $ | 43,000.00 | Yes |
| 12/23/22 | Elgas Bookkeeping | rachael@elgasbookkeeping.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 02/24/23 | Elvira Dela Cruz | delacruzfamily708@msn.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 11/16/22 | Emigdio Diaz Rodriguez | diazemy3@gmail.com | $ | 40,000.00 | $ | 78,400.00 | Yes |
| 11/23/22 | Emigdio Diaz Rodriguez | diazemy3@gmail.com | $ | 38,000.00 | $ | 74,480.00 | Yes |
| 03/10/23 | Emigdio Diaz Rodriguez | diazemy3@gmail.com | $ | 10,000.00 | $ | 63,411.00 | Yes |
| 11/02/22 | Ernesto Gomez | cesarmageshio@gmail.com | $ | 76,000.00 | $ | 148,960.00 | Yes |
| 11/16/22 | Ernesto Gomez | cesarmageshio@gmail.com | $ | 44,000.00 | $ | 76,240.00 | Yes |
| 09/28/22 | EVC Properties LLC | bpcunningham4@yahoo.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 10/19/22 | EVC Properties LLC | brandon@ccpcreditors.com | $ | 235,500.00 | $ | 800,700.00 | Yes |
| 12/23/22 | EVC Properties LLC | bpcunningham4@yahoo.com | $ | 15,000.00 | $ | 147,745.00 | Yes |
| 09/16/22 | Excelencia Internacional LLC | marbarraza1958@gmail.com | $ | 34,000.00 | $ | 66,640.00 | Yes |
| 02/24/23 | Excellence Real Estate | solodad.excellence@gmail.com | $ | 45,000.00 | $ | 88,200.00 | Yes |
| 12/30/22 | Fabiola Gonzalez | fabiolaggonzalez@gmail.com | $ | 120,000.00 | $ | 220,800.00 | Yes |
| 01/13/23 | Fabiola Gonzalez | fabiolaggonzalez@gmail.com | $ | 20,000.00 | $ | 126,823.00 | Yes |
| 02/10/23 | Fabiola Sanchez Aguilar | isela0590@yahoo.com | $ | 10,000.00 | $ | 16,000.00 | Yes |
| 01/20/23 | Felix Serrano Galvan | aliciaduarte865@gmail.com | $ | 5,000.00 | $ | 31,705.00 | Yes |
| 12/16/22 | Fidelina Sorcia Rosas | sorcia816@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 03/03/23 | Fidelina Sorcia Rosas | sorcia816@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 03/03/23 | Fidelina Sorcia Rosas | sorcia816@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 11/16/22 | Francisco Recinos | francrecinos790@gmail.com | $ | 44,000.00 | $ | 86,240.00 | Yes |
| 09/28/22 | Frank Hopperton | frank@hopperton.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 01/20/23 | Gabriel Barcenas Bautista | gabrielbarcenas09@gmail.com | $ | 5,000.00 | $ | 20,244.00 | Yes |
| 01/20/23 | Gabriela Figueroa Rodriguez | vip2112services@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 02/10/23 | Garet Augusta | gaugusta03@gmail.com | $ | 100,000.00 | $ | 184,000.00 | Yes |
| 10/26/22 | Garrett Johnson | garrett@pacificshoreinc.com | $ | 25,000.00 | $ | 43,000.00 | Yes |
| 11/02/22 | Gerardo Sorcia Rosas | sorciagerardo@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 01/20/23 | Gilberto Padilla Zuniga | gilp98@yahoo.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 12/02/22 | Greg Young | gregyoung757@gmail.com | $ | 25,000.00 | $ | 43,000.00 | Yes |
| 11/02/22 | Gregorio Amador Rios | gregorioexito@yahoo.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 03/24/23 | Griselda Sanchez | morenitabitgirl03@gmail.com | $ | 5,000.00 | $ | 8,000.00 | Yes |
| 09/02/22 | Guadalupe Cabeiro | gcabiero@gmail.com | $ | 46,000.00 | $ | 90,160.00 | Yes |
| 03/10/23 | Gustavo Monterrosas Jimenez | lizettsorcia123@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 02/24/23 | Haidie Rivera | haidierivera13@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 02/24/23 | Haidie Rivera | haidierivera13@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 12/09/22 | Hector Cortes | corteshector24@yahoo.com | $ | 250,000.00 | $ | 490,000.00 | Yes |

| Date | Name | Email | | Amount | | Amount 2 | Yes/No |
|------|------|-------|---|--------|---|----------|--------|
| 02/24/23 | Hector Ocegueda | hectorocegueda2002@yahoo.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 03/03/23 | Henry Randolph Hultberg | hrhultberg@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 08/26/22 | HYH Network | msmagana3@hotmail.com | $ | 35,000.00 | $ | 68,600.00 | Yes |
| 09/02/22 | HYH Network | msmagana3@hotmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 09/17/22 | HYH Network | msmagana3@hotmail.com | $ | 11,000.00 | $ | 21,560.00 | Yes |
| 10/12/22 | HYH Network | msmagana3@hotmail.com | $ | 25,000.00 | $ | 49,000.00 | Yes |
| 11/02/22 | HYH Network | msmagana3@hotmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 11/09/22 | HYH Network | msmagana3@hotmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 11/09/22 | HYH Network | msmagana3@hotmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 11/09/22 | HYH Network | msmagana3@gmail.com | $ | 59,000.00 | $ | 115,640.00 | Yes |
| 12/09/22 | HYH Network | msmagana3@hotmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 12/23/22 | HYH Network | msmagana3@hotmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/27/23 | HYH Network | msmagana3@gmail.com | $ | 13,500.00 | $ | 45,900.00 | Yes |
| 12/16/22 | Ian Clark | ianmclark22@gmail.com | $ | 50,000.00 | $ | 86,000.00 | Yes |
| 09/16/22 | IRL Inc. | saunderscarly1202@gmail.com | $ | 60,000.00 | $ | 117,600.00 | Yes |
| 09/28/22 | IRL Inc. | saunderscarly1202@gmail.com | $ | 40,000.00 | $ | 78,400.00 | Yes |
| 03/10/23 | Isaias Ramirez | chayramirez323@gmail.com | $ | 10,000.00 | $ | 18,400.00 | Yes |
| 08/26/22 | Islas Network Inc. | islasnetworkinc@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 09/16/22 | Islas Network Inc. | islasnetworkinc@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 09/09/22 | J & Z Development Inc. | firasnas1901@gmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 10/05/22 | J & Z Development Inc. | firasnas1901@gmail.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 10/19/22 | J&Z Development, Inc. | firasnas1901@gmail.com | $ | 55,000.00 | $ | 107,800.00 | Yes |
| 02/03/23 | Jackie Collins | skyview23@yahoo.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 09/02/22 | Jaime Medina Alba | almeja981@gmail.com | $ | 46,000.00 | $ | 90,160.00 | Yes |
| 01/20/23 | Jason Russell | info@russellsolutions.org | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 11/09/22 | JAV Connections | vincentedany@hotmail.com | $ | 5,000.00 | $ | 8,000.00 | Yes |
| 02/17/23 | Javier A Castellanos D | jacd400@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 11/16/22 | Javier Alonso Castellanos Dominguez | jacd400@gmail.com | $ | 25,000.00 | $ | 101,223.37 | Yes |
| 03/10/23 | Javier Castellanos | jacd400@gmail.com | $ | 15,000.00 | $ | 147,745.00 | Yes |
| 11/09/22 | Jeanette Alejandra Fuentes | bkjeannette@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 11/02/22 | Jeanette Satelite Station | jeanettetrujillo82@yahoo.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 11/02/22 | Jeanette Satelite Station | jeanettetrujillo82@yahoo.com | $ | 40,000.00 | $ | 78,400.00 | Yes |
| 11/23/22 | Jeffrey Dela Cruz | jeffdc2215@yahoo.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 12/30/22 | Jeffrey Dela Cruz | jeffdc2215@yahoo.com | $ | 50,000.00 | $ | 492,486.00 | Yes |
| 09/09/22 | Jennifer Serrato | jserrato.proprtymanagement@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 02/03/23 | Jesse Martinson | bossjemstar@aol.com | $ | 50,000.00 | $ | 170,000.00 | Yes |
| 02/03/23 | Jesse Martinson | bossjemstar@aol.com | $ | 100,000.00 | $ | 340,000.00 | Yes |

| | | | | | |
|---|---|---|---|---|---|
| 09/28/22 | Jessica Mercado | jmercado@regenden.com | $ 30,000.00 | $ 121,468.04 | Yes |
| 01/13/23 | Jesus A Castellanos Rascon | albertoo_36@hotmail.com | $ 10,000.00 | $ 63,411.00 | Yes |
| 12/09/22 | Jesus Carpio | cesarmageshio@gmail.com | $ 50,800.00 | $ 99,568.00 | Yes |
| 02/10/23 | Jhonfreddy | fredmejia228@gmail.com | $ 70,000.00 | $ 689,481.00 | Yes |
| 10/05/22 | JNR Services Inc | jason@ghiprogram.com | $ 12,000.00 | $ 23,520.00 | Yes |
| 02/17/23 | JNR Services Inc | jason@ghiprogram.com | $ 736,000.00 | $ 1,442,560.00 | Yes |
| 03/17/23 | JNR Services Inc | jason@ghiprogram.com | $ 20,000.00 | $ 34,400.00 | Yes |
| 03/17/23 | JNR Services Inc | jason@ghiprogram.com | $ 310,000.00 | $ 607,600.00 | Yes |
| 03/17/23 | JNR Services Inc | jason@ghiprogram.com | $ 330,000.00 | $ 1,336,141.00 | Yes |
| 10/19/22 | Joe Byon | youngbyon@gmail.com | $ 100,000.00 | $ 196,000.00 | Yes |
| 12/23/22 | Joe Byon | youngbyon@gmail.com | $ 250,000.00 | $ 520,000.00 | Yes |
| 11/16/22 | Jorge A Castellanos D | jorgeacd67@hotmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 03/10/23 | Jorge A Castellanos Dguez | jorgeacd67@hotmail.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 12/09/22 | Jorge Castellanos | jorgeacd67@hotmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 01/27/23 | Jorge Castellanos | jorgeeltagalin@icloud.com | $ 5,000.00 | $ 31,705.00 | Yes |
| 10/05/22 | Jorge Cerda Montes | corpussangui@gmail.com | $ 15,000.00 | $ 29,400.00 | Yes |
| 12/23/22 | Jorge Cerda Montes | corpussangui@gmail.com | $ 10,000.00 | $ 17,200.00 | Yes |
| 02/03/23 | Jorge De La Paz | delapazj66@yahoo.com | $ 20,000.00 | $ 32,000.00 | Yes |
| 10/26/22 | Jorge Esquivel | buick1350@yahoo.com | $ 12,750.00 | $ 24,990.00 | Yes |
| 09/02/22 | Jorge Hugo Sanchez Palomares | jhsanchez786@gmail.com | $ 46,000.00 | $ 90,160.00 | Yes |
| 08/26/22 | Jorge Servellon | jorafs79@icloud.com | $ 20,000.00 | $ 39,200.00 | Yes |
| 02/24/23 | Jose De Jesus Garibay | 91garibay.j@gmail.com | $ 10,000.00 | $ 17,200.00 | Yes |
| 12/23/22 | Jose Estrella | trinyestrella@icloud.com | $ 38,000.00 | $ 74,480.00 | Yes |
| 11/16/22 | Jose Flores Cardenas | josemia82@yahoo.com | $ 38,000.00 | $ 74,480.00 | Yes |
| 10/26/22 | Jose Rivera | joserivera1946alan@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 11/02/22 | Jose Rivera | joserivera1946alan@gmail.com | $ 31,000.00 | $ 60,760.00 | Yes |
| 11/02/22 | Josh Brown | joshua@yshift.com | $ 267,726.42 | $ 524,743.78 | Yes |
| 12/30/22 | Josh Hickman | joshhickman94@icloud.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 12/09/22 | Juan Cruz | ruso62@live.com | $ 46,000.00 | $ 79,120.00 | Yes |
| 11/02/22 | Juan Gonzalez | camaney12329@yahoo.com | $ 20,000.00 | $ 39,200.00 | Yes |
| 02/10/23 | Juan Gonzalez | camaney12329@yahoo.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 02/17/23 | Juan Jesus Pina Perez | monserrat1115@icloud.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 01/13/23 | Julian Cardenas | prestigeworldwidelifestyle@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 12/16/22 | Julio Cesar Ceja Ramirez | ramicesar331@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 09/28/22 | Kamika Baylor | kamqbee1@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 03/03/23 | Karely Castellanos | kareelooo@hotmail.com | $ 5,000.00 | $ 31,705.00 | Yes |
| 01/20/23 | Karen Medina | klomed@msn.com | $ 60,000.00 | $ 117,600.00 | Yes |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 01/27/23 | Karla Murga | paulafabiola03@gmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 03/24/23 | Karla Vanessa Gonzales | gonzales.kv@yahoo.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 12/16/22 | Katey Jimenez | katey.jimenez@icloud.com | $ | 32,000.00 | $ | 62,720.00 | Yes |
| 01/06/23 | Katey Jimenez | katey.jimenez@icloud.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 02/03/23 | Kathryn Scott | katylambscott@yahoo.com | $ | 10,000.00 | $ | 16,000.00 | Yes |
| 11/23/22 | Khristine Mesias | mesadkins2215@hotmail.com | $ | 15,000.00 | $ | 29,400.00 | Yes |
| 12/30/22 | Khristine Mesias | mesadkins2215@hotmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 02/24/23 | Khristine Mesias | mesadkins2215@hotmail.com | $ | 80,000.00 | $ | 156,800.00 | Yes |
| 03/10/23 | Khristine Mesias | mesadkins2215@hotmail.com | $ | 40,000.00 | $ | 393,989.00 | Yes |
| 10/12/22 | Kyle Katsandris | kylekatsandris@yahoo.com | $ | 100,000.00 | $ | 184,000.00 | Yes |
| 12/02/22 | Kyle Williams | kyleawilliams@yahoo.com | $ | 25,000.00 | $ | 43,000.00 | Yes |
| 02/03/23 | Lauranne Collins | lcsocal27@gmail.com | $ | 50,000.00 | $ | 86,000.00 | Yes |
| 10/12/22 | Lauren Nolot | jjtinvestments22@yahoo.com | $ | 25,000.00 | $ | 43,000.00 | Yes |
| 01/13/23 | Lauren Nolot | jjtinvestments22@yahoo.com | $ | 30,000.00 | $ | 51,600.00 | Yes |
| 09/02/22 | Lavin Consulting | lavinfenceco@yahoo.com | $ | 50,000.00 | $ | 170,000.00 | Yes |
| 09/02/22 | Lavin Consulting | lavinfenceco@yahoo.com | $ | 300,000.00 | $ | 588,000.00 | Yes |
| 09/02/22 | Lavin Consulting | lavinfenceco@yahoo.com | $ | 300,000.00 | $ | 1,214,680.00 | Yes |
| 02/03/23 | Lawful Good LLC | williamsickert50@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 02/24/23 | Lawful Good LLC | williamsickert50@gmail.com | $ | 100,000.00 | $ | 340,000.00 | Yes |
| 03/03/23 | Lawful Good LLC | williamsickert50@gmail.com | $ | 100,000.00 | $ | 340,000.00 | Yes |
| 12/16/22 | Legacy Financial Strategy | roblessalr@aol.com | $ | 140,000.00 | $ | 274,400.00 | Yes |
| 12/23/22 | Legacy Financial Stratgies | roblessalr@aol.com | $ | 100,000.00 | $ | 984,973.00 | Yes |
| 09/28/22 | Leo Rivera | leorivera3333@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 10/26/22 | Leo Rivera | leorivera3333@gmail.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 10/19/22 | Leopolda Vizcarra | vizcarra.paola@yahoo.com | $ | 76,000.00 | $ | 148,960.00 | Yes |
| 10/26/22 | Leticia Jimenez | olmedolety@gmail.com | $ | 5,000.00 | $ | 20,244.00 | Yes |
| 11/09/22 | Leticia Jimenez | olmedolety@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 03/10/23 | Leticia Jimenez | olmedolety@gmail.com | $ | 5,000.00 | $ | 31,705.00 | Yes |
| 08/26/22 | Lifestar Products Inc. | caesar@paceconstructionco.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 09/28/22 | Lifestar Products Inc. | caesar@paceconstructionco.com | $ | 15,000.00 | $ | 60,734.02 | Yes |
| 09/28/22 | Lifestar Products Inc. | caesar@paceconstructionco.com | $ | 15,000.00 | $ | 60,734.02 | Yes |
| 09/28/22 | Lifestar Products Inc. | caesar@paceconstructionco.com | $ | 65,000.00 | $ | 127,400.00 | Yes |
| 12/09/22 | Lifestar Products Inc. | caesar@joinlpg.com | $ | 100,000.00 | $ | 196,000.00 | Yes |
| 12/30/22 | Lifestar Products Inc. | caesar@joinlpg.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/06/23 | Lifestar Products Inc. | rachellrayy@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 01/27/23 | Lifestar Products Inc. | caesar@joinlpg.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/27/23 | Lifestar Products Inc. | racorona.lp@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12/16/22 | Lizeth Flores Quintero | lizquintero2424@gmail.com | $ | 5,000.00 | $ | 8,000.00 | Yes |
| 03/10/23 | Lizeth Flores Quintero | lizquintero2424@gmail.com | $ | 10,000.00 | $ | 63,411.00 | Yes |
| 03/03/23 | Lizett Sorcia | lizettsorcia123@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 10/12/22 | Luis Briceno | cesarmageshio@gmail.com | $ | 100,000.00 | $ | 196,000.00 | Yes |
| 12/23/22 | Luis Cordero | luiscordero0511@gmail.com | $ | 38,000.00 | $ | 74,480.00 | Yes |
| 12/09/22 | Luis Cordero Sr | lcor6921@yahoo.com | $ | 38,000.00 | $ | 74,480.00 | Yes |
| 11/09/22 | M.J.D Consulting LLC | katie@rootandstonellc.com | $ | 65,000.00 | $ | 111,800.00 | Yes |
| 01/06/23 | M.J.D. Consulting LLC | katie@rootandstonellc.com | $ | 35,000.00 | $ | 60,200.00 | Yes |
| 09/09/22 | Maira Raquel Ferman Aguirre | pame-1940@hotmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 11/09/22 | Manuel Campos | cesarmageshio@gmail.com | $ | 12,000.00 | $ | 23,520.00 | Yes |
| 03/24/23 | Marcos Hassey | luvmycasa@yahoo.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 01/06/23 | Margarita Munoz Ruiz De La Pena | guerozca@hotmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |
| 10/26/22 | Maria Alfaro | m.alfaro1797@gmail.com | $ | 53,000.00 | $ | 103,880.00 | Yes |
| 11/09/22 | Maria Alfaro | m.alfaro1797@gmail.com | $ | 87,000.00 | $ | 170,520.00 | Yes |
| 03/03/0203 | Maria Concepcion Nolasco | angelpcastro79@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 03/24/23 | Maria Concepcion Nolasco | angelpcastro79@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 09/28/22 | Maria Eugenia Silva | marieugeniams@gmail.com | $ | 39,000.00 | $ | 76,440.00 | Yes |
| 10/05/22 | Maria Eugenia Silva | marieugeniams@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 10/12/22 | Maria Gomez | cesarmageshio@gmail.com | $ | 72,000.00 | $ | 141,120.00 | Yes |
| 11/16/22 | Maria Gomez | cesarmageshio@gmail.com | $ | 16,000.00 | $ | 31,360.00 | Yes |
| 12/23/22 | Maria Guadalupe Garcia Lopez | maggg0910@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 12/23/22 | Maria Lopez | gmarialopez@aol.com | $ | 76,000.00 | $ | 130,720.00 | Yes |
| 12/09/22 | Maria Zepeda Santamaria | haydeezepeda4@gmail.com | $ | 38,000.00 | $ | 74,480.00 | Yes |
| 12/16/22 | Mariana A Castellanos | jacd400@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 01/20/23 | Mariana Estrella | marianaestrella771@gmail.com | $ | 21,250.00 | $ | 41,650.00 | Yes |
| 10/19/22 | Maricela Rodriguez | maricelaroro7@gmail.com | $ | 38,000.00 | $ | 74,480.00 | Yes |
| 12/23/22 | Marilu Villegas | mvillegaswealth@gmail.com | $ | 5,000.00 | $ | 8,000.00 | Yes |
| 11/23/22 | Mario Valle | mario.valle1225@gmail.com | $ | 15,000.00 | $ | 24,000.00 | Yes |
| 02/24/23 | Marisol Gahbler | diferente28@hotmail.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 03/24/23 | Maritza Castillo | mrtzcastillo@yahoo.com | $ | 5,000.00 | $ | 9,200.00 | Yes |
| 03/24/23 | Marlon Alcides Gonzales | marlon_gon_1983@hotmail.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 11/09/22 | Marta Figueroa | martasariel62@hotmail.com | $ | 38,250.00 | $ | 74,970.00 | Yes |
| 11/16/22 | Marta Figueroa | martasariel62@hotmail.com | $ | 46,000.00 | $ | 90,160.00 | Yes |
| 12/09/22 | Martha Robles Jimenez | cesarcesarmageshio@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 03/10/23 | Martin Fraile | albertoo_36@hotmail.com | $ | 5,000.00 | $ | 20,244.00 | Yes |
| 09/28/22 | Marvin Solares | marvinsnet@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 12/09/22 | Mary Abarrate | marydrstar@gmail.com | $ | 10,000.00 | $ | 16,000.00 | Yes |

| Date | Name | Email | Amount 1 | Amount 2 | Yes/No |
|---|---|---|---|---|---|
| 11/02/22 | Maryanne Lavin | mackey500jc@gmail.com | $ 10,000.00 | $ 17,200.00 | Yes |
| 10/19/22 | Mason Wrynn | wrynn-mason@acrbuild.com | $ 20,000.00 | $ 32,000.00 | Yes |
| 09/16/22 | MDC | mdcollins78@gmail.com | $ 62,500.00 | $ 122,500.00 | Yes |
| 10/19/22 | MDEHN | mdcollins78@gmail.com | $ 12,500.00 | $ 24,500.00 | Yes |
| 02/03/23 | Medardo Ortiz Osorio | medardo6284@gmail.com | $ 10,000.00 | $ 32,251.00 | Yes |
| 03/31/23 | Medardo Ortiz Osorio | medardo6284@gmail.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 02/17/23 | Medical Ventures | cdailey@asdmanagement.com | $ 20,000.00 | $ 32,000.00 | Yes |
| 03/10/23 | Melissa Mccorkell | themccorkellfamily@gmail.com | $ 40,000.00 | $ 68,800.00 | Yes |
| 10/26/22 | Michael Amparano | ma6824@att.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 11/02/22 | Michael Payne | chefmjp30@yahoo.com | $ 20,000.00 | $ 32,000.00 | Yes |
| 03/10/23 | Michael Vazquez | mv93913@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 03/10/23 | Michael Vazquez | mv93913@gmail.com | $ 10,000.00 | $ 98,497.00 | Yes |
| 11/23/22 | Miguel Hesperides Torres | miguelhesperides1@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 03/17/23 | Miguel Rascon | mirageplasticscorp@gmail.com | $ 50,000.00 | $ 92,000.00 | Yes |
| 01/27/23 | Milton F Calderon | calderonmilton2040@yahoo.com | $ 7,000.00 | $ 11,200.00 | Yes |
| 10/05/22 | Moneyline Inc. | dsalemi10@gmail.com | $ 50,000.00 | $ 98,000.00 | Yes |
| 08/26/22 | Multiservice Experts | mariafig.renova@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 12/23/22 | Mykaela Martinson | martinsonhome714@gmail.com | $ 10,500.00 | $ 103,422.00 | Yes |
| 11/02/22 | Mynor A Solares | mynorsolares7118@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 09/28/22 | Nasstec Development Inc | rawadjnass@gmail.com | $ 20,000.00 | $ 39,200.00 | Yes |
| 09/28/22 | Nasstec Development Inc. | hazarsaeed1@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 01/13/23 | Natalie Regina Romo | natalieromo@msn.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 01/27/23 | Natasha Perches | natashaperches@icloud.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 10/12/22 | Nathan Lyons | nathanglyons@gmail.com | $ 25,000.00 | $ 43,000.00 | Yes |
| 11/16/22 | Nathan Lyons | nathanglyons@gmail.com | $ 25,000.00 | $ 43,000.00 | Yes |
| 03/10/23 | Nathan Lyons | nathanglyons@gmail.com | $ 60,000.00 | $ 103,200.00 | Yes |
| 03/24/23 | Nathan Lyons | nathanglyons@gmail.com | $ 40,000.00 | $ 73,600.00 | Yes |
| 12/30/22 | Neil S Guardado | neil1502@hotmail.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 12/30/22 | Neil S Guardado | neil1502@hotmail.com | $ 20,000.00 | $ 39,200.00 | Yes |
| 09/16/22 | Nicolas Ramirez | soynicolasramirez@icloud.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 02/03/23 | Nicole Bader | summerbeachcamps@gmail.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 10/05/22 | Noel Maxey | njmaxey@outlook.com | $ 60,000.00 | $ 103,200.00 | Yes |
| 11/09/22 | Noel Maxey | njmaxey@outlook.com | $ 20,000.00 | $ 34,400.00 | Yes |
| 10/12/22 | Noemi Palafox | noemipalafox75@icloud.com | $ 40,359.83 | $ 79,105.26 | Yes |
| 10/19/22 | Noemi Palafox | noemipalazuelo75@icloud.com | $ 30,000.00 | $ 58,800.00 | Yes |
| 12/16/22 | Noemi Palafox | noemipalazuelo75@icloud.com | $ 10,000.00 | $ 50,723.67 | Yes |
| 03/24/23 | Noemi Palafox | noemipalafox75@icloud.com | $ 10,000.00 | $ 19,600.00 | Yes |

| 02/17/23 | Nora Ortiz | noranortiz@yahoo.com | $ | 15,000.00 | $ | 24,000.00 | Yes |
|---|---|---|---|---|---|---|---|
| 11/02/22 | Norma Olmedo | normaeliaolmedo@gmail.com | $ | 76,000.00 | $ | 148,960.00 | Yes |
| 03/10/23 | Norma Olmedo | normaeliaolmedo@gmail.com | $ | 5,000.00 | $ | 31,705.00 | Yes |
| 11/02/22 | Norma Soriano | normasoriano165@gmail.com | $ | 38,000.00 | $ | 74,480.00 | Yes |
| 02/10/23 | Norma Soriano | normasoriano165@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 03/10/23 | Norma Soriano | normasoriano165@gmail.com | $ | 5,000.00 | $ | 31,705.00 | Yes |
| 03/10/23 | Norma Soriano | normasoriano165@gmail.com | $ | 10,000.00 | $ | 63,411.00 | Yes |
| 12/16/22 | Nubia Gisela Lopez | jimnubia33@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 01/06/23 | Olsenite LLC | olsenfree1973@gmail.com | $ | 50,000.00 | $ | 441,477.00 | Yes |
| 01/06/23 | Olsenite LLC | olsenfree1973@gmail.com | $ | 300,000.00 | $ | 570,000.00 | Yes |
| 01/13/23 | Olsenite LLC | olsenfree1973@gmail.com | $ | 35,000.00 | $ | 66,500.00 | Yes |
| 01/27/23 | Olsenite LLC | olsenfree1973@gmail.com | $ | 50,000.00 | $ | 170,000.00 | Yes |
| 12/23/22 | Oscar Castro | jhoscarcastro@yahoo.com | $ | 5,000.00 | $ | 8,000.00 | Yes |
| 11/23/22 | Oswaldo Arjona | oswaldocalifornia@gmail.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 08/26/22 | Pace Construction | caesar@paceconstructionco.com | $ | 200,000.00 | $ | 440,000.00 | Yes |
| 09/12/22 | Pace Construction | caesar@paceconstructionco.com | $ | 143,000.00 | $ | 314,600.00 | Yes |
| 09/16/22 | Pace Construction | caesar@paceconstructionco.com | $ | 139,000.00 | $ | 305,800.00 | Yes |
| 11/02/22 | Pace Construction | caesar@paceconstructionco.com | $ | 56,000.00 | $ | 123,200.00 | Yes |
| 12/19/22 | Pace Construction | caesar@paceconstructionco.com | $ | 60,000.00 | $ | 132,000.00 | Yes |
| 10/05/22 | Pacific Travel & Insurance | pacifictravel@live.com | $ | 22,000.00 | $ | 43,120.00 | Yes |
| 08/26/22 | Panamerican Financial Corporation | loan4u@aol.com | $ | 49,000.00 | $ | 96,040.00 | Yes |
| 10/26/22 | Panamerican Financial Corporation | loan4u@aol.com | $ | 40,000.00 | $ | 78,400.00 | Yes |
| 03/24/23 | Patricia Martinez | millenniumpros@yahoo.com | $ | 5,000.00 | $ | 8,000.00 | Yes |
| 02/17/23 | Patterson Family Trust - Brian Patterson | bp1215dc@yahoo.com | $ | 50,000.00 | $ | 92,000.00 | Yes |
| 11/02/22 | Paula Cunningham | pkbno@cox.net | $ | 100,000.00 | $ | 184,000.00 | Yes |
| 12/09/22 | Pilar Villa | oiselem@palletnationinc.com | $ | 93,000.00 | $ | 182,280.00 | Yes |
| 12/30/22 | Pro Star Energy Inc | johnvmfr1968@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 09/16/22 | Rachael Elgas | rachael@elgasbookkeeping.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 10/19/22 | Rachel Chavez | rachellrayy@gmail.com | $ | 60,000.00 | $ | 117,600.00 | Yes |
| 02/17/23 | Rachel Chavez | rachellrayy@gmail.com | $ | 60,000.00 | $ | 117,600.00 | Yes |
| 12/23/22 | Raegan Martinson | martinsonfamily714@gmail.com | $ | 10,500.00 | $ | 103,422.00 | Yes |
| 03/03/23 | Rain Batingana | rain.klutts@gmail.com | $ | 5,000.00 | $ | 20,244.00 | Yes |
| 03/10/23 | Rain Batingana | rain.klutts@gmail.com | $ | 5,000.00 | $ | 20,244.00 | Yes |
| 09/02/22 | Ramiro Gudino | maribri519@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 03/24/23 | Ramiro Montes | ramiromontess@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 11/09/22 | Rawad Nassereddine | rawadjnass@gmail.com | $ | 55,000.00 | $ | 107,800.00 | Yes |
| 01/27/23 | Rawad Nassereddine | rawadjnass@gmail.com | $ | 10,000.00 | $ | 98,497.00 | Yes |

| | | | | | | |
|---|---|---|---|---|---|---|
| 01/13/23 | Red Tractor Holdings | tyler@redtractorholdings.com | $ | 200,000.00 | $ | 368,000.00 | Yes |
| 12/16/22 | Renato Jimenez | cesarmageshio@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 11/02/22 | Ricardo Barajas | rickyrep1@gmail.com | $ | 63,000.00 | $ | 123,480.00 | Yes |
| 12/09/22 | Richard Martinez | christiansoldier777@icloud.com | $ | 35,000.00 | $ | 68,600.00 | Yes |
| 02/03/23 | Robert Rimmer | skyview23@yahoo.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 10/05/22 | Robert Stanley | stanman059@gmail.com | $ | 30,000.00 | $ | 51,600.00 | Yes |
| 11/23/22 | Roberto Alfaro | rralfaro61@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 12/23/22 | Roberto Beltran | farmerstowingroadside@gmail.com | $ | 7,000.00 | $ | 13,720.00 | Yes |
| 09/09/22 | Roberto Cuevas | robertoc.renova@gmail.com | $ | 76,000.00 | $ | 148,960.00 | Yes |
| 12/16/22 | Rocio Rivera | sorciagc516@gmail.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 01/20/23 | Rodolfo Ceja Alvarez | cejarodolfo836@gmail.com | $ | 15,000.00 | $ | 147,745.00 | Yes |
| 03/10/23 | Rogelio Olmedo | chorra@live.com | $ | 10,000.00 | $ | 63,411.00 | Yes |
| 11/23/22 | Rolando Varela | cesarmageshio@gmail.com | $ | 30,000.00 | $ | 58,800.00 | Yes |
| 11/02/22 | Rosa Sanchez Valle | rosyisela2244@gmail.com | $ | 25,000.00 | $ | 49,000.00 | Yes |
| 12/02/22 | Rose Romo | rose@propromoinc.com | $ | 50,000.00 | $ | 492,486.00 | Yes |
| 12/02/22 | Rudy Javier | arcleanrepllc@yahoo.com | $ | 7,000.00 | $ | 13,720.00 | Yes |
| 01/13/23 | Rudy Javier | arcleanrepllc@yahoo.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 10/12/22 | Rufina Briceno De Cerv | rufinabricenodecervantes@gmail.com | $ | 64,000.00 | $ | 125,440.00 | Yes |
| 01/13/23 | Sabrina Brown | trevoryoung0513@gmail.com | $ | 12,000.00 | $ | 21,550.00 | Yes |
| 09/02/22 | Salud Frausto | saludfrausto01@gmail.com | $ | 46,000.00 | $ | 90,160.00 | Yes |
| 09/28/22 | Salvador Robles | roblessalr@aol.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 10/12/22 | Salvador Robles | roblessalr@aol.com | $ | 30,000.00 | $ | 58,800.00 | Yes |
| 11/23/22 | Salvador Robles | roblessalr@aol.com | $ | 30,000.00 | $ | 58,800.00 | Yes |
| 09/02/22 | San Joaquin ICF LLC | raquelmdeloera@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 02/17/23 | Sandra Montserrat Vasquez | monserrat1115@icloud.com | $ | 10,000.00 | $ | 63,411.00 | Yes |
| 11/16/22 | Santos Hernandez | dorita_hernandez_santos@yahoo.com | $ | 72,000.00 | $ | 141,120.00 | Yes |
| 10/19/22 | Sean Gordon | seantgordon20@gmail.com | $ | 10,000.00 | $ | 16,000.00 | Yes |
| 01/20/23 | Sean Parvin | trevoryoung0513@gmail.com | $ | 25,000.00 | $ | 43,000.00 | Yes |
| 10/19/22 | Senan Ochoa Serrano | sochoa@wealthfreeomeacdemy.com | $ | 20,000.00 | $ | 39,200.00 | Yes |
| 03/17/23 | Sergio Barraza | pacifictravel@live.com | $ | 50,000.00 | $ | 98,000.00 | Yes |
| 12/23/22 | Sergio Barrera Cruz | magdalenacalifornia@yahoo.com | $ | 5,000.00 | $ | 8,000.00 | Yes |
| 12/16/22 | Sergio Uribe | cesarmageshio@gmail.com | $ | 12,000.00 | $ | 23,520.00 | Yes |
| 10/26/22 | Shelley Estes | shelleyestes7@gmail.com | $ | 6,000.00 | $ | 11,760.00 | Yes |
| 11/02/22 | Sidereal Entertainment Group LLC | conlonfamilyoc@gmail.com | $ | 435,000.00 | $ | 852,600.00 | Yes |
| 01/13/23 | Sidereal Entertainment Group LLC | conlonfamilyoc@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/13/23 | Sidereal Entertainment Group LLC | conlonfamilyoc@gmail.com | $ | 25,000.00 | $ | 246,243.00 | Yes |
| 02/24/23 | Sidereal Entertainment Group LLC | conlonfamilyoc@gmail.com | $ | 150,000.00 | $ | 294,000.00 | Yes |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/26/22 | Socorro Robles | robles.socorro53@gmail.com | $ | 40,000.00 | $ | 161,957.00 | Yes |
| 09/16/22 | Sora, Inc. | soraincllc@yahoo.com | $ | 74,000.00 | $ | 145,040.00 | Yes |
| 09/02/22 | Spot On | e04j04m04@gmail.com | $ | 50,000.00 | $ | 110,000.00 | Yes |
| 09/28/22 | Spot On | e04j04m04@gmail.com | $ | 50,000.00 | $ | 110,000.00 | Yes |
| 10/05/22 | Spot On | e04j04m04@gmail.com | $ | 62,000.00 | $ | 136,400.00 | Yes |
| 10/05/22 | Spot On | e04j04m04@gmail.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 10/05/22 | Spot On | e04j04m04@gmail.com | $ | 300,000.00 | $ | 1,214,680.39 | Yes |
| 10/12/22 | Spot On | e04j04m04@gmail.com | $ | 50,000.00 | $ | 110,000.00 | Yes |
| 10/12/22 | Spot On | e04j04m04@gmail.com | $ | 80,000.00 | $ | 368,000.00 | Yes |
| 10/12/22 | Spot On | e04j04m04@gmail.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 10/19/22 | Spot On | e04j04m04@gmail.com | $ | 100,000.00 | $ | 220,000.00 | Yes |
| 10/26/22 | Spot On | e04j04m04@gmail.com | $ | 186,417.00 | $ | 410,109.00 | Yes |
| 10/26/22 | Spot On | e04j04m04@gmail.com | $ | 400,000.00 | $ | 1,619,573.86 | Yes |
| 11/02/22 | Spot On | e04j04m04@gmail.com | $ | 75,000.00 | $ | 165,000.00 | Yes |
| 11/16/22 | Spot On | e04j04m04@gmail.com | $ | 200,000.00 | $ | 440,000.00 | Yes |
| 12/23/22 | Spot On | e04j04m04@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 12/30/22 | Spot On | e04j04m04@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 12/30/22 | Spot On | e04j04m04@gmail.com | $ | 70,000.00 | $ | 154,000.00 | Yes |
| 01/06/23 | Spot On | e04j04m04@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/09/23 | Spot On | raeganrosexoxo@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/13/23 | Spot On | e04j04m04@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/20/23 | Spot On | e04j04m04@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/20/23 | Spot On | e04j04m04@gmail.com | $ | 50,000.00 | $ | 170,000.00 | Yes |
| 01/27/23 | Spot On | e04j04m04@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 01/27/23 | Spot On | e04j04m04@gmail.com | $ | 50,000.00 | $ | 170,000.00 | Yes |
| 02/03/23 | Spot On | e04j04m04@gmail.com | $ | 5,000.00 | $ | 49,248.00 | Yes |
| 02/24/23 | Spot On | e04j04m04@gmail.com | $ | 450,000.00 | $ | 990,000.00 | Yes |
| 03/17/23 | Spot On | e04j04m04@gmail.com | $ | 224,000.00 | $ | 492,800.00 | Yes |
| 10/05/22 | Spot On, Proveerbs Trust | e04j04m04@gmail.com | $ | 30,000.00 | $ | 66,000.00 | Yes |
| 11/02/22 | Standing United | oakmeadows77@gmail.com | $ | 150,000.00 | $ | 294,000.00 | Yes |
| 09/02/22 | Sterling Group, USA, Inc | maribri519@yahoo.com | $ | 5,000.00 | $ | 9,800.00 | Yes |
| 10/12/22 | Stu Chenier | stu@hum3n.com | $ | 40,000.00 | $ | 68,800.00 | Yes |
| 01/13/23 | Stu Chenier | stu@hum3n.com | $ | 30,000.00 | $ | 51,600.00 | Yes |
| 12/09/22 | Susan Santamaria | santamariasusan123@gmail.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 09/16/22 | Syvia Gurrola | silviamendoza59@yahoo.com | $ | 10,000.00 | $ | 19,600.00 | Yes |
| 09/28/22 | TCF Group LLC/Sora Javier | tcfgroupllc@yahoo.com | $ | 25,000.00 | $ | 49,000.00 | Yes |
| 10/19/22 | Team B&G LLC | jimlegacyrealestate@gmail.com | $ | 25,000.00 | $ | 49,000.00 | Yes |

| | | | | | |
|---|---|---|---|---|---|
| 10/26/22 | Teresa Aguillon | teresa_aguillon@yahoo.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 02/24/23 | Teresa Ordaz | tere_s85@hotmail.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 02/17/23 | Teri Adkins | teriliaadkins@gmail.com | $ 50,000.00 | $ 92,000.00 | Yes |
| 02/10/23 | The Otsua Trust | sochoa@wealthfreedomacademy.com | $ 30,000.00 | $ 190,235.00 | Yes |
| 02/10/23 | Titus Magee | mageetitus@yahoo.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 02/10/23 | Titus Magee | mageetitus@yahoo.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 10/05/22 | Tomas Diaz | tomasdiaztd@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 11/09/22 | Tomas Diaz | tomasdiaztd@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 11/23/22 | Tomas Diaz | tomasdiaztd@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 09/28/22 | Travis & Gianna Hagel | giannahagel@gmail.com | $ 10,700.00 | $ 24,098.45 | Yes |
| 09/28/22 | Trevor Young | trevoryoung0513@gmail.com | $ 100,000.00 | $ 196,000.00 | Yes |
| 10/05/22 | Trevor Young | trevoryoung0513@gmail.com | $ 50,000.00 | $ 98,000.00 | Yes |
| 10/19/22 | Trevor Young | trevor@ccpcreditors.com | $ 80,000.00 | $ 272,000.00 | Yes |
| 12/09/22 | Trevor Young | trevor@ccpcreditors.com | $ 50,000.00 | $ 98,000.00 | Yes |
| 11/09/22 | Tyler Boden | scsolarpro@gmail.com | $ 10,000.00 | $ 17,958.00 | Yes |
| 01/13/23 | Tyler Javier | tylerjavier2350@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 01/13/23 | Tyler Javier | tylerjavier2350@gmail.com | $ 10,000.00 | $ 98,497.00 | Yes |
| 03/17/23 | Tyler Kirkham | delmardemolition@gmail.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 11/16/22 | Tyler Saunders | tyler@reconpests.com | $ 50,000.00 | $ 86,000.00 | Yes |
| 02/17/23 | Tyler Saunders | tyler@reconpests.com | $ 50,000.00 | $ 86,000.00 | Yes |
| 12/16/22 | Ubaldo Sorcia Rosas | sorciagc516@gmail.com | $ 7,000.00 | $ 13,720.00 | Yes |
| 03/24/23 | Valeria Mancilla | vmancilla786@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 10/12/22 | Veronica Chirichirhu | veromontejano79@gmail.com | $ 10,000.00 | $ 40,489.00 | Yes |
| 12/23/22 | Veronica Jimenez | vjimenez698@gmail.com | $ 78,000.00 | $ 152,880.00 | Yes |
| 02/24/23 | Vicente Guillen | cesarmageshio@gmail.com | $ 30,000.00 | $ 58,800.00 | Yes |
| 08/26/22 | Vickie Enterprises | vickierobbins49@gmail.com | $ 23,000.00 | $ 45,080.00 | Yes |
| 02/24/23 | VIP Insurance & Multi-Services | vip2112services@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 12/30/22 | Walter J Corea | turitmorecord@sbcglobal.com | $ 5,000.00 | $ 8,600.00 | Yes |
| 01/27/23 | Weston Wrynn-Mason | westonrynn@gmail.com | $ 5,000.00 | $ 20,244.00 | Yes |
| 12/30/22 | William Sickert | e04j04m04@gmail.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 01/27/23 | William Sickert | williamsickert50@gmail.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 11/23/22 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 11/23/22 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 25,000.00 | $ 101,223.00 | Yes |
| 12/16/22 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 12/16/22 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 12/16/22 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 50,000.00 | $ 98,000.00 | Yes |
| 12/23/22 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 50,000.00 | $ 98,000.00 | Yes |

| | | | | |
|---|---|---|---|---|
| 01/06/23 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 50,000.00 | $ 98,000.00 | Yes |
| 01/20/23 | William Sickert Legal Compliance | williamsickert50@gmail.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 01/27/23 | XPNRG Corp | josue@wolfandraven.info | $ 5,000.00 | $ 49,248.00 | Yes |
| 03/17/23 | YCIR, Inc | hectorocegueda2002@yahoo.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 09/02/22 | Yovany Moreno | 174yovany@gmail.com | $ 16,000.00 | $ 31,360.00 | Yes |
| 01/13/23 | Yvette Jimenez | yvettejimenez_7@hotmail.com | $ 5,000.00 | $ 49,248.00 | Yes |
| 11/02/22 | Yvette Mueller | yvettemueller114@yahoo.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 01/06/23 | Zoauntarrious Brunt | bruntzee@gmail.com | $ 5,000.00 | $ 49,248.00 | Yes |

$ 24,128,986.25    $ 65,750,790.45

Total:  $ 24,720,986.25   $ 66,855,310.45

| Date | Name | Email | Initial Loan | Payout | Signed NOA |
|------|------|-------|--------------|--------|------------|
| 03/31/23 | Aspectu Transport LLC | boris.aspectu@yahoo.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 04/14/23 | Eloina Ramirez Carbajal | marthaaca@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 04/07/23 | Eric P Nunez | earth2eric@verizon.net | $ 25,000.00 | $ 49,000.00 | Yes |
| 05/12/23 | Ernesto Gomez | cesarmageshio@gmail.com | $ 25,000.00 | $ 49,000.00 | Yes |
| 05/12/23 | Excellence Real Estate | solodad.excellence@gmail.com | $ 50,000.00 | $ 98,000.00 | Yes |
| 03/28/23 | Fabiola Sanchez Aguilar | isela0590@yahoo.com | $ 5,000.00 | $ 8,000.00 | Yes |
| 03/31/23 | George Derby | gaderby@aol.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 04/07/23 | Gerina Morales Acevedo | marthalinda8197@yahoo.com | $ 60,000.00 | $ 110,400.00 | Yes |
| 03/31/23 | Gregory Huff | gregoryahuff@gmail.com | $ 25,000.00 | $ 43,000.00 | Yes |
| 04/14/23 | Henry Randolph Hultberg | hrhultberg@gmail.com | $ 35,000.00 | $ 68,600.00 | Yes |
| 04/14/23 | Javier Castellanos | jacd400@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 03/31/23 | Jorge Gustavo Berumen | jorge.berumen42@gmail.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 03/31/23 | Julio Andalon | cesarmageshio@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 05/12/23 | Karen Medina | klomed@msn.com | $ 40,000.00 | $ 78,400.00 | Yes |
| 04/21/23 | Kimberly Gomez Garcia | kimberlygomezgarcia12@gmail.com | $ 5,000.00 | $ 8,600.00 | Yes |
| 04/28/23 | Leo Rivera | leorivera3333@gmail.com | $ 10,000.00 | $ 19,600.00 | Yes |
| 03/31/23 | Linda Winslow | lwinslow2000@yahoo.com | $ 10,000.00 | $ 16,000.00 | Yes |
| 04/21/23 | Mareia Eloisa Cedillo Miranda | latingo173@icloud.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 04/14/23 | Maria G Garcia Lopez | maggg0910@gmail.com | $ 12,000.00 | $ 23,520.00 | Yes |
| 04/28/23 | MBA Investments | cesarmageshio@gmail.com | $ 30,000.00 | $ 58,800.00 | Yes |
| 04/21/23 | Miguel Alonso | mglalonso@yahoo.com | $ 5,000.00 | $ 9,200.00 | Yes |
| 05/12/23 | Miguel Hesperides Torres | miguelhesperides1@gmail.com | $ 15,000.00 | $ 29,400.00 | Yes |
| 04/28/23 | Oscar Jauregui Plascencia | entruckservices78@gmail.com | $ 60,000.00 | $ 103,200.00 | Yes |
| 04/07/23 | Sandra Monica Ordaz Quintana | msordaz@live.com | $ 5,000.00 | $ 8,000.00 | Yes |
| 04/28/23 | Susana Graciela Guadarrama | 7susana.sg@gmail.com | $ 5,000.00 | $ 9,800.00 | Yes |
| 05/12/23 | Yasmin Curameng Robles-Gray | roblesgrayyasmin@yahoo.com | $ 50,000.00 | $ 86,000.00 | Yes |
| 05/12/23 | YCIR Inc | hectoroceugeda2002@yahoo.com | $ 30,000.00 | $ 58,800.00 | Yes |
| | | | $ 592,000.00 | $ 1,104,520.00 | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Suite 210, Building D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; REQUEST FOR JUDICIAL NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 5, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Aaron E. De Leest**     adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Robert P Goe**     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Chad V Haes**     chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com
- **D Edward Hays**     ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Charity J Manee**     cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Richard A Marshack (TR)**     pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 5, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 5, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Suite 5130, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 5, 2025 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

GOE FORSYTHE &
HODGES LLP
17701 Cowan, Suite 210
Irvine, CA 92614

- 9 -